**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| ANNIE ARNOLD, individually, and on behalf of all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE FARM FIRE AND CASUALTY )<br>COMPANY, )<br>)<br>Defendant. ) | **CASE NO.: 2:17-CV-148**<br><br>CASE BELOW:<br>Circuit Court of Dallas County, Alabama<br>Case No. 27-CV-2017-900046.00<br><br>JURY DEMAND |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendant State Farm Fire and Casualty Company (sometimes referred to hereinafter as "State Farm") hereby removes the above-captioned asserted class action lawsuit from the Circuit Court of Dallas County, Alabama, to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, and pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this Notice of Removal, State Farm states as follows:

**I.    Basis for Removal.**

1.    This asserted class case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because State Farm has satisfied the procedural requirements for removal, and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

2.    CAFA jurisdiction exists because the action (1) includes alleged class members whose citizenship is diverse from that of State Farm, (2) has at least 100 putative class members,

and (3) places in controversy an aggregate amount in excess of $5,000,000.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)-(6).

## II. Procedural History and Plaintiff's Attempted Class Claims.

3. Annie Arnold ("Plaintiff") filed her Class Action Complaint With Jury Demand (the "Complaint" or "Compl.") against State Farm in the Circuit Court of Dallas County, Alabama, Case No. 27-CV-2017-900046.00, on March 8, 2017.  State Farm was served with the Complaint on March 10, 2017, through its registered agent.  *See* Complete State Court Record including Complaint and service papers, attached as Exhibit 1.

4. In the Complaint, Plaintiff claims that State Farm breached its contract with her and alleged members of a putative class of Alabama insureds when calculating "actual cash value" or "ACV" structural damage claim payments.  *See*, *e.g.*, Ex. 1 at Doc. 2 (Compl.), ¶¶ 3-5, 25.  Plaintiff alleges that State Farm's "methodology for calculating ACV has been to determine the cost of removal of damaged materials and repair or replacement of the damaged materials," and then to "deduct depreciation." *Id.* at ¶ 21.  Plaintiff acknowledges that "Alabama law allows an insurer to depreciate the value of building materials" needed to repair or replace damaged property when calculating ACV.  *Id.* at ¶ 6.  She contends, however, that State Farm may *not* depreciate the associated labor costs needed to repair that property.  *See id.* at ¶¶ 6, 18, 22, 24.

5. For her individual claim, Plaintiff alleges that after an inspection of damage to her home, an Xactimate estimate was prepared for her loss.  *See id.* at ¶¶ 16, 18; *see also* Ex. 1 at Doc. 4 (Estimate).  Plaintiff claims that she received an ACV payment with depreciation applied as shown on that estimate, and that the depreciation was for costs that included both labor and material components.  *Id.*

6. Plaintiff's proposed class is defined to include the following individuals:

> All persons and entities that received "actual cash value" payments, directly or indirectly, from State Farm for loss or damage to a dwelling, business, or other structure located in the State of Alabama, such payments arising from events that occurred from March 1, 2007 through the date of trial of this Action, where the cost of labor was depreciated. Excluded from the Class are: (1) all persons and entities that received payment from State Farm in the full amount of insurance shown on the declarations page; (2) State Farm and its affiliates, officers, and directors; (3) members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiff's counsel.

*See* Ex. 1 at Doc. 2 (Compl.), ¶ 27.

7. Plaintiff has specified that the measure of damages she seeks to recover on behalf of the class is *not* the aggregate of all "labor depreciation" amounts State Farm applied for putative class members' payments. *Id.* at ¶ 10. She alleges that the policies at issue provide for initial payment of ACV (net of any applicable deductible) before an insured pursues repair of damaged property. *Id.* at ¶¶ 13-21. Thereafter, if the insured rebuilds and incurs additional costs to repair, he or she allegedly can "recover the full RCV [replacement cost value] of the covered loss." *Id.* at ¶¶ 19-20. For purposes of the "amount in controversy" Plaintiff *excludes* amounts for "depreciated labor costs for ACV payments" that later were "paid to policyholders upon further adjustment of their claims," and in the form of replacement cost benefits. *Id.* at ¶¶ 10, 19-24.

8. Accordingly, the asserted class damages Plaintiff says she seeks to recover are amounts of "labor depreciation" that allegedly were not addressed by later replacement cost benefits, and any pre-judgment or post-judgment interest. *Id.* at ¶ 10 and at pp. 12-13 (Prayer for Relief).

9. State Farm has not yet filed an answer or other response to the Complaint, and through this Notice, State Farm does not concede that Plaintiff has stated a viable claim for relief or that State Farm is liable to Plaintiff or any putative class member in any respect. Indeed, an

action against a different insurer that was based on the same "labor depreciation" theory of recovery asserted here (and filed by a plaintiff represented by the same attorneys who now represent Plaintiff Arnold here) recently was removed to the U.S. District Court for the Middle District of Alabama, and then dismissed with prejudice under Fed. R. Civ. P. 12(b)(6). *See Ware v. Metropolitan Property & Casualty Ins. Co.*, No. 3:16-CV-617-DCL-SRW, _ F. Supp. 3d _, 2016 WL 7209816 (M.D. Ala. Dec. 7, 2016). In *Ware*, as here, the plaintiffs alleged that their insurer improperly applied depreciation to the labor component of replacement cost when calculating their ACV payment. *Id.* at *1. The Court rejected the contention that "labor depreciation" was contrary to the public policy of Alabama. *Id.* at *3. The Court further held that the policy definition of ACV as the cost of repair "'less allowance for physical deterioration and depreciation including obsolescence'" expressly permitted depreciation of *all* components of repair cost. *Id.* at *2.

### III. Procedural Requirements for Removal are Satisfied and Venue is Proper.

10. State Farm's removal of this action to this Court is timely. State Farm was served with the Complaint on March 10, 2017, through its registered agent. This Notice of Removal has been filed within 30 days thereof, which is within the time allowed under 28 U.S.C. § 1446(b)(1).

11. Venue is proper in this Court because the Circuit Court of Dallas County, Alabama, is located in the Southern District of Alabama. *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court...for the district and division embracing the place where such action is pending").

12. As required under 28 U.S.C. § 1446(a), State Farm has attached copies of all process, pleadings, and orders served upon State Farm with respect to this action. *See* Ex. 1; *see*

*also* Circuit Court of Dallas County docket sheet, attached as Exhibit 2 hereto. A copy of the Civil Cover Sheet for this matter also is provided herewith as Exhibit 3.

13. As required under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Arnold's Counsel, and a copy is being filed with the Clerk of the Circuit Court of Dallas County, Alabama.

### III. This Court Has Subject Matter Jurisdiction Under CAFA.

14. Under CAFA, this Court has diversity jurisdiction over any asserted class action[1] that: (1) includes at least one class member whose citizenship is diverse from that of the defendant; (2) has at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. § 1332(d)(2), (d)(5)-(6).

15. State Farm denies that any class could properly be certified in this matter. However, based on the information discussed below and the allegations in Plaintiff's pleading, all requirements for jurisdiction under CAFA are met in this case.

#### A. There is Minimal Diversity.

16. CAFA's minimal diversity requirement is satisfied. The Complaint specifically alleges that State Farm is "domiciled in the State of Illinois." *See* Ex. 1 at Doc. 2 (Compl.), ¶ 8.

17. State Farm further demonstrates here that it is a citizen of the State of Illinois, as it is a stock insurance company organized under the laws of the State of Illinois and maintains its principal place of business in that State. *See* Affidavit of Jim Larson, attached hereto as Ex. 4, at ¶¶ 3-6; *see also* 28 U.S.C. § 1332(c)(1).

---

[1] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). Arnold asserted her class allegations pursuant to Alabama's similar class action rule. *See* Ex. 1 at Doc. 2 (Compl.) ¶¶ 26-35 (citing Rule 23 of the Alabama Rules of Civil Procedure).

18. Plaintiff was an Alabama citizen when she commenced this action. The caption of Plaintiff's pleading gives 707 Mwenye Street, Selma, Alabama, 36701 as her current place of residence (*see* Ex. 1 at p. 1 (caption) and at ¶ 7), and she has lived in Alabama for the last ten years or more. Plaintiffs' counsel further has authorized State Farm to represent to the Court that Plaintiff is a citizen of Alabama.

19. Because Plaintiff is a citizen of a state other than Illinois, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

### B. The Asserted Class Would Include More Than 100 Individuals.

20. More than 100 individuals would fall within the scope of Plaintiff's proposed class.

21. Plaintiff affirmatively asserts in the Complaint that the putative class consists of "hundreds if not thousands of people geographically dispersed across Alabama." *Id.* ¶ 28. A plaintiff's good faith allegations regarding facts supporting jurisdiction are accepted. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (addressing allegations of amount in controversy). Accordingly, Plaintiff's allegations alone satisfy CAFA's 100-member threshold.

22. The class size requirement further is established under the allegations set forth at ¶¶ 29-31 hereof.

### C. The Asserted Class Claims Place More Than $5,000,000 In Controversy.

23. The Supreme Court has held that, under 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554 (2014). Submission of evidence is permitted, but not required, at removal. *Id.* at 554; *accord Gates v. 84 Lumber Co.*,

Civ. A. No. 15-0076-WS-N, 2015 WL 2345427, at *1 n.1 (S.D. Ala. May 14, 2015) (Steele, C.J.) (noting that *Dart Cherokee* "on its face nullifies" any objection to the timeliness of evidence introduced by defendant in response to motion to remand).[2]

24. No presumption in favor of remand can be applied when resolving CAFA jurisdictional issues. *Collinsworth v. Big Dog Treestand, Inc.*, No. 16-00208-KD-B, 2016 WL 3620775, *5 (S.D. Ala. June 29, 2016) (citing *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014)).

25. The proposed class claims asserted in Arnold's Complaint raise a matter in controversy that "exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(6).

26. State Farm has prepared Xactimate structural damage repair estimates for thousands of property damage claims in Alabama during the asserted ten-year class period. *See* Affidavit of J. Guevara, attached as Ex. 5, at ¶¶ 29-31.

27. State Farm's Xactimate structural damage repair estimates use Xactware unit prices, which typically are comprised of embedded material and labor components (and sometimes also include an equipment component). *Id.* at ¶¶ 8, 11. For example, Xactware's published square foot unit pricing for "R & R drywall" (i.e., remove and replace drywall) includes a material component (the drywall itself), as well as a labor component (to pull off the existing drywall and put the new drywall in place). *Id.* Plaintiff's Xactimate estimate shows entries of this type. *See* Ex. 1 at Doc. 4 (Estimate), p. 5, line item entry 1.

---

[2] When an evidentiary showing is required, the defendant must demonstrate the requisite jurisdictional facts by a preponderance of the evidence. *Dart Cherokee*, 135 S. Ct. at 554; 28 U.S.C.A. § 1446(c)(2)(B). This can be done through affidavits and other evidence outside of the complaint. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 772-74 (11th Cir. 2010).

28.     For its Xactimate repair estimates for Alabama properties, State Farm's general practice has been to apply depreciation to all elements of the published unit cost (which again may include both embedded material and labor components) when depreciation is applied at all. *See* Ex. 5 at ¶ 11.  Plaintiff's Xactimate estimate shows line items where depreciation was applied to calculate ACV, and the total depreciation (including labor and materials) for each such line item.  *See* Ex. 1 at Doc. 4 (Estimate), p. 5, line item entry 3.

29.     To demonstrate that more than $5,000,000 is placed in controversy here, State Farm has conducted an analysis of electronic Xactimate estimate data and data from its internal, electronic claim handling system.  *See* Ex. 5 at ¶¶ 12-16.  Using data from the years 2012 and 2013, State Farm excluded claims from its analysis of the amount in controversy those where its records strongly suggest that the insured was paid the limits of his or her property damage coverage, claims where no payment was made, and claims where there it was probable that the insured *did* receive a replacement cost benefit payment that may have addressed initially applied depreciation.  *Id.*[3]

30.     State Farm then reviewed data relating to the remaining Alabama structural damage claims (the "Claim Subset").  *Id.* at ¶ 16.  These were claims for which (i) an Xactimate estimate was prepared and uploaded in 2012 or 2013; (ii) depreciation was entered for on the last uploaded estimate for the claim in that year; (iii) a portion of that depreciation was attributable to embedded labor costs in Xactware unit pricing used on the estimate; and (iv) the insured's claim payment appeared to be less than the insured's total Coverage A limit was made.  *Id.*

---

[3] This likely excludes individuals who would be owed payment under Plaintiffs' damages theory; but because State Farm is not able to identify with certainty those claims where only an ACV payment was issued simply by running electronic queries against available electronic data, State Farm used this conservative approach to identifying potential class claims and the amount in controversy.

31. For 2012 and 2013 alone, there were more than 5,000 claims within the Claim Subset. *Id.* at ¶ 17. And for those claims, the total amount of the depreciation reflected on the last uploaded State Farm Xactimate estimate that was attributable to embedded labor costs was more than $6,000,000. *Id.*

32. Moreover, Plaintiff asserts a ten-year class period, comprised of insureds with losses that occurred on and after March 1, 2007. It is reasonable to infer from the data for the years 2012 and 2013 that the amount in controversy for claims in those years likewise is in the millions, and that the action as a whole places more than $5,000,000 in controversy. Indeed, even if the Court were to "speculate[] that a large percentage [of claims] 'would be siphoned off by one contingency or another,' it is unlikely that the amount in controversy would dip below the jurisdictional amount." *See A&M Gerber Chiropractic LLC v. GEICO General Ins. Co.*, No. 16-CV-62610-BLOOM/Valle, 2017 WL 35519, *2 (S.D. Fla. Jan. 3, 2017), *appeal docketed*, No. 17-90001 (11th Cir. Jan. 13, 2017) (quoting *S. Fa. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1316-17 (11th Cir. 2014)).

33. As the removing defendant, State Farm "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka,* 608 F. 3d at 754. The Claim Subset represents State Farm's identification of claims where the insured very likely received a claim payment for actual cash value, with the "labor depreciation" calculated on the insured's estimate actually was applied, and did not later recover any such amounts in the form of replacement cost benefits.[4]

---

[4] It generally is not possible to know with certainty without individually reviewing and analyzing each insured's claim file whether (i) a specific claim was paid on the basis of the Xactimate estimate, or (ii) the insured received a replacement cost benefit payment and/or payments up to the full limits of his or her available structural damage coverage.

34. Accordingly, State Farm has shown that Arnold's asserted breach of contract damages easily would exceed the CAFA $5,000,000 aggregate damages threshold, even when just two years of Arnold's asserted 10-year class period are considered.

35. For all the foregoing reasons, State Farm has demonstrated that all prerequisites for CAFA jurisdiction have been met.

**WHEREFORE**, Defendant State Farm Fire and Casualty Company hereby removes this action from the Circuit Court of Dallas County, Alabama, to this Court.

      s/ James B. Newman
JAMES B. NEWMAN (NEWMJ8049)
Attorney for Defendant State Farm Fire
and Casualty Company

OF COUNSEL:
HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA  36652
251-432-5521
Email:   jbn@helmsinglaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I served the foregoing via United States Mail, properly addressed and postage prepaid, on the following:

    David P. Martin
    The Martin Law Group, LLC
    2117 Jack Warner Parkway, Suite 1
    Tuscaloosa, Alabama  85401

    Philip G. Fairbanks
    Erik D. Peterson
    Mehr, Fairbanks & Peterson Trial Lawyers
    201 West Short Street, Suite 800
    Lexington, Kentucky  40507


This 7th day of April, 2017.


                     s/ James B. Newman
                   OF COUNSEL


514706