IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANNIE ARNOLD, individually, and on behalf of all others similarly situated, | * * | |
| Plaintiff, | * | |
| vs. | * | Case No.:   2:17-CV-148-WS-C |
| STATE FARM FIRE AND CASUALTY COMPANY, | * * | |
| Defendant. | | |

**STATE FARM'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
FOR LACK OF ARTICLE III STANDING AND FAILURE TO STATE A CLAIM**

# EXHIBIT 1



ELECTRONICALLY FILED
6/3/2014 3:27 PM
03-CV-2010-901266.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

## CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **GLORIA MITCHELL McCAIN,** § | |
| Plaintiff, § | |
| vs. § | Case No. CV – 10 - 901266 |
| **BALDWIN MUTUAL INSURANCE COMPANY, et al.,** § | |
| § | |
| Defendants. § | |

## ORDER FOR CLASS CERTIFICATION

Following hearing on April 16, 2014, and consideration of the evidence and arguments of counsel, and for good cause shown, it is the determination of this Court that this action should proceed as a class action under Rule 23(b)(3), Ala. R. Civ. P. The Court enters the following Decision and Order for class certification.

1. Plaintiff, Gloria Mitchell McCain, at all times material, was an insured with Baldwin Mutual, and had a covered loss for property (her home) in the State of Alabama.

2. Defendant, Baldwin Mutual Insurance Company ("Baldwin Mutual"), is an insurer of property exclusively within the State of Alabama, and provided coverage for a covered loss for Plaintiff.

3. The Court has jurisdiction of this action and the parties.

4. The class of plaintiffs is hereby certified to include the following:

   (1) All current and former Baldwin Mutual insureds;
   (2) who are citizens of the State of Alabama;
   (3) who in the six years preceding the Complaint suffered a covered loss to property situated within the State of Alabama;

    (4)    where the damage estimate for such loss prepared by Baldwin Mutual or their adjusters did not include as a separate item cost for "removal" of damaged building components, and then depreciated the cost of labor for removal down to a lesser amount;

    (5)    where calculation of the loss was based on either replacement cost or actual cash value; and

    (6)    where the payment for such loss was made to the insured or directly to a contractor.

5. As set forth in this Order, the Court has considered the Rule 23(a), Ala. R. Civ. P. factors required for class certification which are "commonly referred to respectively as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy." *CIT Communications Finance Corp. v. McFadden, Lyons & Rouse LLC*, 37 So. 3d 114, 123 (Ala. 2009).

6. The burden is also on the proponents of a class-action settlement to show that it is fair, adequate and reasonable. *Adams v. Robertson*, 676 So.2d 1265, 1272 (Ala. 1995). Class certification is within the sound discretion of the trial court, *id.* at 1270, as is the trial court's decision to approve or reject a proposed class-action settlement. *Id.* at 1272.

7. The determination of whether the prerequisites of Rule 23 have been satisfied requires a "rigorous analysis." *Ex parte Citicorp Acceptance Co., Inc.*, 715 So.2d 199, 203 (Ala. 1997). The question of class certification is a procedural one distinct from the merits of the action. *Mitchell v. H&R Block, Inc.*, 783 So.2d 812, 816 (Ala. 2000).

8. The proposed Class meets the criteria for Ala. R. Civ. Proc. Rule 23(a) as well as the elements set forth in Ala. R. Civ. Proc. 23(b)(3). The Court has further determined that the requirements of Rule 23(b)(3) have also been met, and that the "questions of law or fact common to the members of the class predominate over any questions affecting only individuals members," and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

9. **Numerosity.** The evidence at the hearing was that the affected number of policy holders could be in the thousands. A Baldwin Mutual representative Mr. Kevin Russell estimated that Baldwin Mutual has approximately 10,000 policy holders. Where "the number of affected claims may run into the thousands, the court is satisfied that this factor [numerosity] could be proven." *National Security Fire & Cas. Co. v. DeWitt*, 85 So. 3d 355, 362 (Ala. 2011), *citing Cox v. American Cast Iron Pipe Co.*, 784 F. 2d 1546, 1553 (11 Cir. 1986)("as a general rule, classes of more than 40 are deemed to satisfy the numerosity requirement.")

10. **Commonality.** The commonality requirement has been met in that there are questions of law or fact common to the Class. The commonality requirement has been liberally construed, and it is aimed at determining whether there is a need for combined treatment and a benefit to be derived therefrom. *Ex parte Government Employees Insurance Co.*, 729 So.2d 299, 304 (Ala. 1999). '[T]here need be only a single issue common to all members of the class." Commonality "is satisfied if one or more common questions of fact or law affect all or a substantial number of the class members." *Ex parte Masonite Corp.*, 681 So.2d at 1088. "The test for commonality is not demanding ...." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999).

11. The Court finds that the common questions of law and fact common to each class predominate over any questions affecting only individual members. The primary common questions in this case arise from depreciation of removal costs in determination of covered amounts for property damage. No decision is made on the merits, and the Court recognizes that the parties dispute the central issue of liability which concerns the treatment for the cost of removal of damaged building components in the event of a covered loss.

12. Plaintiff offered evidence in support of the contention there has been an underpayment for claims involving depreciation of removal costs. Plaintiff also offered evidence

in support of the contention that omission of "removal cost" as a line item on adjusters' estimates had the effect of depreciating removal cost at 100 percent. Alternatively, Plaintiff offered evidence in support of the related contention that removal cost was depreciated by the adjuster (or adjuster software program in use) even if removal cost was lumped together with an estimate designation for "replace" and the like.

13. Defendant Baldwin Mutual disputed the foregoing contentions and reserved objection to expert testimony offered on behalf of Plaintiff. The Court provided Defendant with an opportunity for additional time to conduct a deposition of the expert prior to examination at a certification hearing, which was declined.

14. The Court finds that a sufficient showing for class certification purposes has been made whether depreciation of removal costs involves an underpayment, and it is relevant that other courts considering the issue have found class certification appropriate for similar claims challenging an insurance carrier's practice of depreciating the cost of labor under an actual cash value policy. *See, Farmers Union Mut. Ins. Co. v. Robertson*, 370 S.W. 3d 179, 184 (Ark. 2010)("Therefore, the same conduct that gives rise to the Plaintiffs' claims (Farmers Union's depreciation of the cost of labor) gives rise to the proposed class members' claims, satisfying typicality.")

15. **Predominance.** "To predominate, common issues must constitute a significant part of individual class members' cases." *Cheminova America* Corp. *v. Corker*, 779 So.2d 1175, 1181 (Ala. 2000).

16. Baldwin Mutual contended that individual issues predominate because identification of a class would require physical review of 12,193 insurance claim files of its insureds to determine various facts including, *e.g.*, whether the cost involved with removal can be

depreciated (*i.e.*, whether it qualifies as an "undepreciable loss element" as alleged) and whether depreciation of damaged building components being removed was deducted from the total amount of loss. Plaintiff countered with testimony that it required review of minimal paper, such as the adjuster's estimate from each file, and that an expert knowledgeable in adjusting practice and software, could make the calculations from his computer.

17. At this stage, a sufficient showing of commonality has been made based on the analysis from *Mills v. Foremost Ins. Co.*, 511 F. 3d 1300 (11 Cir. 2008) which was recognized by the Alabama Supreme Court in *National Security Fire & Cas. Co. v. DeWitt*, 85 So. 3d 355, 362 (Ala. 2011). Similar to the facts in *National Security*, a showing has been made regarding relative ease of determination of the amount due each class member based forensic accounting or expert review of the file estimates and adjusting software. *See*, discussion in *National Security, supra,* that amounts could be "determined with relative ease through basic forensic accounting using Foremost's [the insurer's] own claims data." *Id.*, 511 F. 3d at 1310.

18. **Typicality.** The claims of the representative parties must be typical of the claims of the Class. "A representative's claim is typical [if it] arises from the same event or practice or course of conduct that gives rise to the claims of other class members and ... [is] based on the same legal theory." *Cheminova America Corp. v. Corker*, 779 So.2d at 1180-81 (alterations in original).

19. The typicality requirement addresses whether "the claims of the named plaintiffs have the same essential characteristics as the class at large." *Id.* at 1180 (internal quotation marks omitted). "Where, as here, 'the party seeking certification alleges that the same unlawful conduct was directed at the class representatives and the class itself, the typicality requirement is usually met irrespective of the varying fact patterns which underlie individual claims.'" *Id.* (quoting

*Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985)). "Like commonality, the test for typicality is not demanding." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d at 625.

20. Plaintiff has also demonstrated sufficiently that she is a member of the class. The Court finds that Plaintiff's claims are typical of the class. She was an insured for property in Alabama and the loss occurred during the six year period prior to the Complaint. There was a sufficient, preliminary showing based on review of an adjusters estimate that removal costs (which were not shown as a separate line item) were depreciated, or that removal costs were depreciated if included in the line item for "replace" damaged property.

21. Baldwin Mutual disputed whether Plaintiff incurred damages because payment had been assigned to a contractor, but this argument is rejected at this stage based on *Foremost, supra*, in which a 20% profit component for a contractor supported class certification whether or not a contractor had been employed. The loss is defined in this case, likewise, whether a check was endorsed by an insured to a contractor or paid to the contractor directly.

22. **Adequacy.** The Court finds that the representatives fairly and adequately protected the interests of the Class. The purpose of this requirement "is to protect the legal rights of absent class members." *Kirkpatrick v. J. C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987).

23. In Alabama, the adequacy requirement has two elements. "The adequacy-of-representation inquiry involves questions as to whether the plaintiff's counsel are qualified, experienced, and generally able to conduct the proposed litigation, and as to whether the plaintiffs have interests antagonistic to those of the rest of the class." *Ex parte Government Employees Ins. Co.*, 729 So.2d at 309; *Cheminova, supra*, 779 So.2d at 1181.

24. Plaintiff has demonstrated adequacy of representation. This issue was not seriously disputed, and there has been no showing of conflict of interest, or challenge to qualifications of

counsel. The pleadings establish that the named plaintiff "seeks relief identical to the relief sought for each class member," which is also a factor requiring certification. *Id.*

25. There is necessarily some variation is the amount to be calculated for individual claims, in determining the amount of "removal" costs omitted, or the amount of "removal" cost included in depreciation. This is similar to the facts in *National Security* in which certification was required under the adequacy of representation factor. According to the decision:

> The named plaintiff in this case seeks relief identical to the relief sought for each class member, the only variation being the amount calculated from adding 20% to the actual cash value listed on each class member's estimate.

*National Security Fire & Cas. Co. v. DeWitt*, 85 So.3d 355, 363 (Ala. 2011).

26. A large number of relatively small amounts for depreciation for each individual member of the class is appropriate for Rule 23((b)(3) certification. Rule 23(b)(3) certification is therefore appropriate because, if each claim was required to proceed as an individual lawsuit, the nominal amount would provide little practical incentive to prosecute the case.

> The four factors listed above all mitigate in favor of class certification. Relative to factor (A) concerning the interest of class members in bringing separate actions, the amounts due to each class member is relatively small. The Court finds that each class member would have little incentive to take an active part in *364 prosecuting the case. Therefore, given the relatively small amounts due to [DeWitt] and each class member, the litigation costs for a single insured challenging an across-the-board practice of an insurance company would be prohibitively high relative to the relief to which the insured would be entitled.

*National Security Fire & Cas. Co. v. DeWitt*, 85 So.3d 355, 363-64 (Ala. 2011).

27. Based on the foregoing, it is the determination of this Court that this action should proceed as a class action, and the class is certified as defined above. Objections to proposed class certification are hereby overruled.

SO ORDERED the \_\_\_\_ day of June, 2014.

CIRCUIT JUDGE