IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANNIE ARNOLD, individually, and on behalf of all others similarly situated, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | Case No.:  2:17-CV-00148-TFM-C |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| | * | |
| Defendant. | | |

**STATE FARM'S MEMORANDUM
<u>IN RESPONSE TO PLAINIFF'S MOTION TO SEAL</u>**

## <u>TABLE OF CONTENTS</u>

Page

INTRODUCTION AND BACKGROUND .................................................................... 1

ARGUMENT ................................................................................................................ 3

I.       The Standards for Sealing Documents Submitted in the Court Record............................ 3

II.      The Treatment Sought for the Subject Exhibits.................................................................. 3

         A.       Plaintiff Filed Exhibit X Under Seal In Error. .................................................... 3

         B.       State Farm Does Not Request Sealed Filing for Exhibits B or V. .......................... 4

         C.       The Parties Agree That Exhibits AA, Y, and EE Need Not Be Filed Under
                  Seal.......................................................................................................... 4

         D.       Plaintiff Has Agreed to Resubmit Exhibits T and Z in Excerpted Form, and
                  State Farm Has Agreed to De-Designate Those Excerpts. ................................. 5

         E.       State Farm Requests Limited Redaction and Sealed Filing of Exhibits BB and
                  CC. .......................................................................................................... 7

         F.       Exhibit H Should Be Filed Under Seal In Its Entirety.......................................... 9

         CONCLUSION........................................................................................................ 14

# TABLE OF AUTHORITIES

Page

**CASES**

*Cameron-Grant v. Maxim Healthcare Servs., Inc.,*
    347 F.3d 1240 (11th Cir. 2003) ............................................................... 13

*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,*
    263 F.3d 1304 (11th Cir. 2001) ........................................ 2, 3, 7, 12

*Mitchell v. State Farm Fire and Casualty Company,*
    No. 3:17-CV-00170 (N.D. Miss.) .......................................................... 3

*Romero v. Drummond Co.,*
    480 F.3d 1234 (11th Cir. 2007) ........................................ 2, 3, 7, 13

*United States v. Anderson,*
    799 F.2d 1438 (11th  Cir. 1986) ............................................................ 7

*Valley Drug Co. v. Geneva Pharms., Inc.,*
    350 F.3d 1181 (11th Cir. 2003) .......................................................... 13

*Williams v. Macon Cty. Greyhound Park, Inc.,*
    2012 WL 3827800 (M.D. Ala. Sept. 4, 2012) ................................... 13

**RULES**

Civil Local Rule 5(a) .......................................................... 2, 4, 5, 6

Fed. R. Civ. P. 23 ............................................................................... 13

Fed. R. Civ. P. 26(c) .......................................................................... 13

General L.R. 5.2(c)(1)(A) ...................................................................... 9

Pursuant to this Court's Order of May 2, 2019 (hereinafter the "Order," DE 91), Defendant State Farm Fire and Casualty Company ("State Farm") respectfully submits this Memorandum addressing materials Plaintiff Annie Arnold ("Plaintiff") has cited in support of her recently-filed Motion for Class Certification,[1] and which she sought leave to file under seal.[2]

## INTRODUCTION AND BACKGROUND

To support her pending Class Certification Motion, Plaintiff moved for leave to file portions of her brief and nine of her supporting exhibits (the "Subject Exhibits"[3]) under seal. Some of the Subject Exhibits had been produced by State Farm and designated as "Confidential," in whole or in part, pursuant to the previously entered Protective Order[4] that governs the protection of confidential information exchanged by the parties in discovery here.

Because Plaintiff's Motion to Seal did not refer to the standard this Court is to apply when evaluating whether to permit sealed filings, the Court directed the parties to confer regarding the Subject Exhibits and to present further briefing by May 16, 2019 to the extent either party sought to maintain any of Subject Exhibits under seal. Order at 4. The Court instructed that any such

---

[1] *See* Plaintiff's Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel (hereinafter the "Class Certification Motion"), DE 87; *see also* Memorandum in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel (hereinafter "Plaintiff's Class Certification Memorandum"), DE 88.

[2] *See* Plaintiff's Motion for Leave to File Under Seal Portions of Memorandum in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel (hereinafter the "Motion to Seal"), DE 86.

[3] The Subject Exhibits for which Plaintiff sought under-seal filing are Exhibits H, T, X, Y, Z, AA, BB, CC, and EE.

[4] *See* Scheduling Order at 4-5 (DE 45); Consent Order Governing Confidential Materials and Discovery of Electronically Stored Information (DE 50, 51), hereinafter jointly referred to as the "Protective Order."

submissions should address the relevant factors the Court must consider for each item requested to be placed under seal.

The parties have conferred as the Court instructed and have reached agreements that substantially narrow the scope of the materials for which sealed filing is sought. First, Plaintiff has agreed that as permitted under Civil Local Rule 5(a),[5] to the extent she relies on materials State Farm produced in discovery and designated as Confidential, she will only submit those excerpted pages or portions of those materials that she directly cites. Plaintiff's cooperation in that regard has facilitated State Farm's ability to agree that some information previously marked as Confidential in discovery may be de-designated and submitted in the public record given the Eleventh Circuit's heightened requirements for sealing information the Court is asked to consider when ruling on a "substantive" motion.

Below, State Farm outlines its position as to each of the Subject Exhibits and provides the bases for its request that Plaintiff be permitted to file under seal Exhibit H and to redact (or file under seal) portions of Exhibits BB and CC. All of these materials qualify for protection under *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001), and *Romero v. Drummond Co.,* 480 F.3d 1234 (11th Cir. 2007). Further, even if the above redactions and sealed filing as to Exhibit H is allowed, State Farm agrees that no portion of Plaintiff's Class Certification Memorandum is needed.

---

[5] Civil Local Rule 5(a) provides in relevant part as follows: "(a) Discovery Materials Filed with Motions. If discovery materials are germane to any motion or response, *only the relevant portions of the material shall be filed with the motion or response.*" *Id.* (emphasis supplied).

**ARGUMENT**

I.     **The Standards for Sealing Documents Submitted in the Court Record**

In civil cases like this one, a party who demonstrates "good cause" to maintain the confidentiality of confidential materials produced in discovery can file those materials under seal. *Chicago Tribune*, 263 F.3d at 1309-14.

As this Court noted, however, the Eleventh Circuit applies a more stringent test when deciding whether a filing of confidential discovery materials in support of a "substantive" pretrial motion in a civil case violates the common-law right of access.  Order at 2-4 (citing *Chicago Tribune*, 263 F.3d at 1310-13).  When the common-law right of access applies, the party seeking protection again must begin by showing that there is "good cause" for protecting the subject materials, and then *further* must demonstrate that the balance of relevant interests weighs in favor of protection.  *Chicago Tribune,* 263 F.3d at 1313.  The factors to be considered under that balancing test include:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero,* 480 F.3d at 1246.

II.    **The Treatment Sought for the Subject Exhibits**

A.     **Plaintiff Filed Exhibit X Under Seal In Error.**

Plaintiff cites and sought to file under seal Exhibit X, which is an excerpted transcript from the deposition of State Farm claim adjuster Charlie Foster taken in a different case (*Mitchell v. State Farm Fire and Casualty Company*, Case No. 3:17-CV-00170 (N.D. Miss.)).  State Farm produced the transcript to Plaintiff here in excerpted format, with redactions to obscure testimony not relevant to the claims at issue here.  State Farm did not designate any portion of the produced

(i.e., unredacted) portions of the Foster transcript as "Confidential."  Accordingly, there was no need for Plaintiff to seek leave to file the excerpted Foster deposition testimony she relies upon under seal.

**B.      State Farm Does Not Request Sealed Filing for Exhibits B or V.**

Exhibits B and V to Plaintiff's Class Certification Motion consist of the complete depositions of Plaintiff and proposed class representative Tina Daniel, respectively.  State Farm understands that Plaintiff deems a few lines from her own deposition to be confidential and protectable because they reference her medication and physical condition.  Similarly, State Farm understands that Plaintiff deems a few lines from Ms. Daniel's deposition to be confidential and protectable because they reference financial information.

State Farm does not object to Plaintiff filing her own and Ms. Daniel's deposition transcripts in the public record with the confidential information she seeks to protect redacted, and further filing both depositions under seal in complete form, without redactions.  Alternatively, State Farm has no objection if Plaintiff chooses to file only the non-confidential excerpts from her own and Ms. Daniel's deposition transcripts which she references in her Class Certification Memorandum, pursuant to Civil Local Rule 5(a).

**C.      The Parties Agree That Exhibits AA, Y, and EE Need Not Be Filed Under Seal.**

The parties have conferred regarding three of the Subject Exhibits – Exhibits AA, Y and EE – and now agree that those Exhibits need not be filed under seal at this juncture.

Exhibit AA is the report prepared by Plaintiff's expert Toby Johnson.  Plaintiff designated Exhibit AA as "Confidential" and sought to file it under seal because it referenced discovery materials that State Farm had produced in this case and had designated as "Confidential."  In deference to the Eleventh Circuit's heightened standard for sealing materials filed with a

"substantive" motion, State Farm now has agreed that Exhibit AA can be filed in the public record.[6]

Exhibits Y and EE similarly are documents State Farm had produced in this case and had designated as "Confidential."  Again, in deference to the Eleventh Circuit's heightened standard for sealing materials filed with a "substantive" motion, State Farm now has agreed that those Exhibits can be filed in the public record.

### D. Plaintiff Has Agreed to Resubmit Exhibits T and Z in Excerpted Form, and State Farm Has Agreed to De-Designate Those Excerpts.

Plaintiff's Exhibits T and Z are deposition transcripts, portions of which State Farm designated as "Confidential" pursuant to the Protective Order herein.  Plaintiff originally submitted these transcripts *in their entirety* even though she only cited to small portions of each transcript.

During the parties' meet and confer process, State Farm asked Plaintiff to modify her submission of Exhibits T and Z so that she would only include those lines of testimony she directly cites and relies upon in her Class Certification Memorandum.  State Farm further stated that if Exhibits T and Z were so limited, State Farm could agree to de-designate the testimony Plaintiff directly cites, and the excerpts would not need to be filed under seal.  Plaintiff has agreed to this proposal.  State Farm contends that the parties' compromise not only is proper, it fully comports with Local Civil Rule 5(a), the Protective Order herein, and the interests protected by the common law right of access.

---

[6] For *all* materials State Farm has agreed to de-designate in whole or in part in deference to the Eleventh Circuit's heightened test for sealed court filings, State Farm continues to maintain that the materials were properly marked as "Confidential" pursuant to the Protective Order herein at the time they were produced, and notes that Plaintiff to date has not challenged any of State Farm's designations under the procedures outlined in the Protective Order.

First, Civil Local Rule 5(a) provides that when a party submits discovery materials in support of a motion, that party's submission should be limited only to those portions of the discovery materials that are "germane" and "relevant" to the subject motion:

> Civil L.R. 5. Filing Discovery Materials and Exhibits (a) Discovery Materials Filed with Motions. If discovery materials are germane to any motion or response, **_only the relevant portions of the material shall be filed_** with the motion or response.

Moreover, filing only the cited (and thus relevant) portions of the depositions upon which Plaintiff relies is consistent with the terms of the Protective Order and the parties' expectations thereunder.   The Protective Order permitted State Farm to designate as "Confidential" any "information that reveals trade secrets;" "research, technical, commercial or financial information that the party has maintained as confidential;" "proprietary business information or research, including but not limited to claim handling and damages estimate information;" and "third parties' information that is subject to contractual confidentiality obligations."   DE 50 at 2.   During the course of discovery, State Farm designated numerous documents as "Confidential" pursuant to one or more of the above-referenced categories, and Plaintiff to date has not challenged any of those designations.   Now that the parties are briefing the question of class certification, it is incumbent on Plaintiff to continue to maintain the confidentiality of the information State Farm has produced – and which she does _not_ expressly rely on in her filings – by refraining from submitting unnecessary discovery materials.   That is because, as the Eleventh Circuit has noted, discovery "is essentially a private process" and it is _furthered_ by parties' cooperation in protecting each other's confidential information from unnecessary disclosure:

> If it were otherwise and discovery information and discovery orders were readily available to the public and the press, the consequences to the smooth functioning of the discovery process would be severe. Not only would voluntary discovery be chilled, but whatever discovery and court encouragement that would take place would be oral, which is undesirable to the extent that it creates misunderstanding and surprise for the litigants and the trial judge. Litigants should not be discouraged

> from putting their discovery agreements in writing, and district judges should not
> be discouraged from facilitating voluntary discovery.

*United States v. Anderson,* 799 F.2d 1438, 1441 (11th Cir. 1986); *see also Chicago Tribune,* 263

F.3d at 1314 n.14 (noting that where a party relies on their *opponent's* confidential information in

support of a motion, the producing party's expectations of protections afforded by a protective

order must be considered when the right of access to court materials is weighed).

Finally, the purposes underlying the common law right of access *and* judicial efficiency

are fully satisfied under the parties' proposal for Exhibits T and Z. The right of access is deemed

"instrumental in securing the integrity" of the judicial process because it permits the public to

understand the bases underlying judicial decisions on the merits. *See Romero,* 480 F.3d at 1245-

47. Here, with Plaintiff's agreement to limit her Exhibits only to include the specific testimony

she *relies* upon for her Class Certification Motion, that testimony *will* be public facing. At the

same time, this process eliminates the need for this Court to consider or evaluate the extent to

which *other* portions of Exhibits T and Z (which comprise hundreds of pages of testimony) may

or may not be protectable and appropriate for filing under seal.

Alternatively, if this Court rules that Plaintiff is required to submit the Guevara and

O'Toole Depositions in their entirety, State Farm requests the opportunity to make a further

evidentiary submission in support of its Confidential designations addressing testimony Plaintiff

has not cited in support of her Class Certification Motion.

### E.    State Farm Requests Limited Redaction and Sealed Filing of Exhibits BB and CC.

Exhibit BB is an email communication between State Farm and one of its third-party

vendors. DE 89. Though Exhibit BB originally was designated as "Confidential" by that vendor

in response to Plaintiff's subpoena, the vendor now has confirmed to Plaintiff and State Farm that

it does not object to the filing of that document in the public record. State Farm requests a minimal,

partial redaction of this Exhibit.  In particular, State Farm requests that Exhibit BB be redacted to obscure only the *email addresses* for the sender and recipient.  These email addresses are not germane to any issue raised by Plaintiff's Class Certification Motion, and indeed, State Farm submits that this redaction could occur *without* an accompanying sealed, unredacted filing if the Court prefers, as the redaction would merely protect substantively irrelevant business contact information and would prevent any possibility that the contact information would be used by strangers to this case for purposes of harassment or other inappropriate contacts.

With respect to Exhibit CC, that document as originally submitted consists of approximately 27 pages of internal State Farm email communications.  DE 89.  However, for the reasons set forth in respect to Exhibits T and Z, Plaintiff has agreed to modify Exhibit CC to include only those pages she directly cites in support of her class certification motion.[7]  With that agreement, State Farm now has agreed that those Exhibits can be filed in the public record, in deference to the Eleventh Circuit's heightened standard for sealing materials filed with a "substantive" motion, again with only minimal, partial redactions.  In particular, State Farm requests that Exhibit CC be redacted to obscure only the *names and email addresses* for the senders and recipients of the emails.  Again, this information is not germane to any issue raised by Plaintiff's Class Certification Motion, and the proposed redaction would merely protect substantively irrelevant business contact information, while the substantive text of the emails would remain unmasked and available in the public record.  As with Exhibit BB, the redaction would prevent any possibility that the contact information would be used by strangers to this case

---

[7] Again, if this Court deems that limited filing improper, State Farm requests the opportunity to make a further evidentiary submission in support of its Confidential designations addressing the information Plaintiff has not cited in support of her Class Certification Motion.

for purposes of harassment or other inappropriate contacts. And an accompanying sealed, unredacted filing could be made or dispensed with, depending on the Court's preference, given that the information to be masked is not relevant to the Court's resolution of Plaintiff's pending motion.[8]

### F. Exhibit H Should Be Filed Under Seal In Its Entirety.

Exhibit H is the final exhibit at issue here, and it consists of a massive data spreadsheet that State Farm produced in response to Plaintiff's discovery demands. Exhibit H includes detailed breakdowns of estimating and claim data for potential class members over an extended time period, and it is information that fully qualifies for protection as a trade secret. Further, the balance of interests weighs heavily in favor of protecting that information from disclosure even under the heightened standard the Eleventh Circuit applies for sealed filings.

Specifically, Exhibit H contains (i) extensive and detailed State Farm estimating data for more than 10,000 Alabama property insurance claims for a time span of approximately eight years (reflected at Columns A-Y); and (ii) extensive claim handling and claim payment data for those same claims (reflected at Columns Z-BE and additional attached payment spreadsheets). *See* Moss Declaration, attached hereto as Ex. 1, at ¶ 5.

For each claim reflected on Exhibit H, the estimate data shown includes the number of estimates generated, the insured's date of loss, zip code for the property at issue, the total estimated replacement cost for the loss, the depreciation reflected on the estimate broken down into more

---

[8] The premise that personal identifying information can be redacted from a public filing *without* an accompanying sealed filing is supported by the Court's Local Rule providing that counsel are *obligated* to redact individuals' names, date of birth, Social Security Number, and the like, but need not make sealed filings, where that redacted personal information is not relevant to the substantive issues in an action. *See* General L.R. 5.2(c)(1)(A).

than ten subcategories (including a calculated amount for "labor depreciation"),[9] the calculated "ACV," and the calculated "Net ACV" for the estimate.  *Id.* at ¶ 6.

Further, for each claim included on Exhibit H, the associated claim data includes every structural damage indemnity claim payment (date and amount), draft remarks for such payments (when available), the "pay code" types for the structural damage claim payments, the insured's deductible, the insured's structural damage coverage limits, the insured's property insurance policy form or type, the cause of loss, and the city and zip code for the loss location.  *Id.* at ¶ 7.

State Farm considers the information contained in Exhibit H to be highly proprietary, competitively sensitive, and confidential, and it has maintained the information in confidence.  *Id.* at ¶¶ 8-10.  Further, public disclosure of the information would cause substantial injury to State Farm by, among other things, allowing competitors to have access to State Farm's property insurance loss experience in Alabama, while State Farm would not have corresponding access to its competitors' comparable data.  *Id.* at ¶ 8.  The data has significant value from a competitive perspective because it is used for ratemaking purposes and further can guide competitors' marketing and competition strategies.  *Id.*  Disclosure of the information thus would cause significant and material competitive harm to State Farm within the Alabama insurance market.  *Id.*

State Farm has taken extensive steps to protect the confidentiality of the aggregate estimating and claim data set forth in Exhibit H.  State Farm's claims personnel are required each year to sign the Company's Code of Conduct, which expressly states that State Farm's proprietary information *includes* its claims data and that such data must be protected from public disclosure.

---

[9] The breakdown includes separate depreciation amounts for the estimated material, non-material, sales tax, labor, market conditions, labor, and overhead and profit values based on the identified repairs and depreciation assessment applied by the claim representative in the estimate for the loss.

*Id.* at ¶ 9.  Similar requirements are imposed on individuals, such as independent adjusters State Farm retains from time to time to assist with property insurance claim handling.  *Id.* at ¶ 10.

Further, the electronic claim handling system in which State Farm's claim handling and claim payment information is stored (the "Enterprise Claim System") is a highly proprietary application that State Farm developed internally over the course of several years at great expense, and the degree of access State Farm employees have to data stored in ECS is restricted based on the individuals' business need for performance of their duties.  *Id.* at ¶¶ 11-18.  And State Farm limits access to "production" data, like the data in Exhibit H, even more strictly – indeed, even State Farm claim handling personnel could not access or obtain reports showing the aggregate claim payment and claim handling data reflected in Exhibit H in the ordinary course of their work. *Id.* at ¶ 16.  Further, when such information is requested and must be produced in litigation, State Farm regularly seeks and obtains restrictions on the public dissemination of the data through entry of protective orders like the Protective Order in this case, which generally (i) limit use of the information only to the suit in which the data is produced; (ii) require that the data be maintained as confidential by all litigants and only filed with a court under seal; and (iii) be returned to State Farm at the close of the litigation (or, alternatively, that receiving parties affirm that they have destroyed all copies of the data they received).  *Id.* at ¶ 18.

State Farm similarly safeguards the confidentiality of aggregate estimating data of the type included in Exhibit H.  *Id.* at ¶ 8.  Such estimating data is generated from individual estimates that adjusters prepare for individual State Farm insureds' losses using electronic estimating software called Xactimate and owned by Xactware Solutions, Inc. ("Xactware").  *Id.* at ¶ 3.  State Farm has entered into a contract with Xactware under which it licenses the use of Xactimate, and Xactware stores and maintains the Xactimate estimating data for State Farm claims on State Farm's behalf.

*Id.* at ¶ 20.   State Farm is required to maintain the confidentiality of Xactware's proprietary information under the Master Software License Agreement with Xactware, and Xactware in turn must protect the confidentiality of State Farm's estimating data.  *Id.* at ¶ 21-22.  Indeed, individuals accessing State Farm estimating data through Xactimate must have appropriate security credentials, transmissions of the data are encrypted, and at such time as State Farm's contractual relationship with Xactware may end, Xactware and State Farm must return each other's respective confidential information upon request.  *Id.* at ¶ 22.

In sum, the information in Exhibit H has high independent economic value to State Farm because it provides extraordinarily detailed property insurance loss experience for a period of many years.  *Id.* at ¶ 24.  Such information is highly guarded by insurers, and State Farm's competitors would gain a substantial and unfair advantage if they could gain access to State Farm's data without expending their own resources, while State Farm would not have any comparable access to its competitors' information.  *Id.*  That imbalance would place State Farm at an extreme disadvantage in the Alabama insurance marketplace.

Based on the foregoing, Exhibit H should be filed under seal at the present juncture of this case because it qualifies as a trade secret.  The Eleventh Circuit has stated that the "commonly accepted criteria" for whether information constitutes "trade secrets" are: (1) whether the party claiming trade secret protection "consistently treated the information as closely guarded secrets," (2) whether "the information represents substantial value" to the party; (3) whether the information would be "valuable to [the party's] competitors," and (4) whether the information "derives its value by virtue of the effort of its creation and lack of dissemination." *See Chicago Tribune,* 263 F.3d at 1313-14.  State Farm has shown that the information in Exhibit H fully satisfies all of these criteria, and that it accordingly has made the requisite "good cause" showing for protection of that

information as required under Rule 26(c), the constitutional right of access, and the first prong of the common-law right of access. *See id.* at 1315.

As for the further balancing of interests this Court applies when the common-law right of access is implicated, State Farm notes that it is questionable whether Plaintiff's Class Certification Motion is a "substantive" motion that triggers the common law right.[10] Even assuming that it does, however, the factors pertinent to the balancing of interests weigh heavily in favor of a sealed filing of Exhibit H.[11] State Farm has shown that a public filing certainly would "harm legitimate privacy interests" and present a very substantial risk of significant competitive harm to State Farm, and that there is no less onerous means for protecting the data, for it is not data of the type for which redaction can eliminate the potential for harm to State Farm. Furthermore, the information does not refer to public officials, and at this point Plaintiff is relying on the data only to attempt a showing that this action qualifies for class treatment under Rule 23. This Court is not being asked to make "merits" determinations based on the data. And in that same regard, no party's ability to

---

[10] This Court correctly observed that the common law right of access applies where Confidential discovery material is filed "in connection with pretrial motions *that require judicial resolution of the merits.*" *Id.* at 1312 (emphasis supplied) (internal citations and quotations omitted). Motions for class certification, however, do not seek merits determinations. Rather, as the Eleventh Circuit has stated, "[t]he denial of a motion to certify a class under Rule 23 is an example of a procedural ruling, collateral to the merits of a litigation." *Cameron-Grant v. Maxim Healthcare Servs., Inc.,* 347 F.3d 1240, 1246-47 (11th Cir. 2003) (internal quotations and citations omitted). The merits of the case should only be considered on class certification "to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1188 n.15 (11th Cir. 2003). State Farm acknowledges, however, that some district courts in the Eleventh Circuit have treated class certification motions as substantive motions under the enhanced "good cause" test for sealing court documents. *See, e.g., Williams v. Macon Cty. Greyhound Park, Inc.,* 2012 WL 3827800 (M.D. Ala. Sept. 4, 2012).

[11] As noted above, the factors to be considered are "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero,* 480 F.3d at 1246.

"respond" to the data in Exhibit H will be impaired if the data is filed under seal, because the public facing portions of Plaintiff's Class Certification Memorandum give a sufficient summary of the *type* of data that Exhibit H contains, and that is what is relevant to Plaintiff's Class Certification Motion (rather than the individualized data figures for each individual claim). And for that same reason, filing Exhibit H under seal will not impair any court functions.

## **CONCLUSION**

For the foregoing reasons, State Farm respectfully requests that this Court allow the limited redactions State Farm has requested for Exhibits BB and CC to Plaintiff's Memorandum in support of her Class Certification Motion, and further permit Plaintiff to file Exhibit H under seal in its entirety.

Dated: May 16, 2019

Respectfully submitted,

   /s/ *Heidi Dalenberg*

James B. Newman (NEWMJ8049)
HELMSING LEACH HERLONG NEWMAN
& ROUSE
150 Government Street, Suite 2000
Mobile, Alabama 36602
Tel: 251-432-5521
Email: jbn@helmsinglaw.com

Joseph A. Cancila, Jr.*
Heidi Dalenberg*
Jacob L. Kahn*
Tal C. Chaiken*
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
Tel: 312-471-8700
Email: jcancila@rshc-law.com
          hdalenberg@rshc-law.com
          jkahn@rshc-law.com
          tchaiken@rshc-law.com
* Admitted *pro hac vice*

-14-

*Attorneys for Defendant State Farm Fire and
Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This 16th day of May, 2019.

/s/ *Heidi Dalenberg*