IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNIE ARNOLD, individually and on behalf of others similarly situated,  ) ) ) | |
| Plaintiff,  ) ) | |
| v.  ) ) | Case No. 2:17-cv-00148-TFM-C |
| STATE FARM FIRE AND CASUALTY COMPANY,  ) ) ) ) | |
| Defendant.  ) | |

### ORDER

Pending before the Court is Plaintiff's *Motion for Leave to File Under Seal Portions of Memorandum in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel* (Doc. 86); Plaintiff's *Brief Filed Pursuant to the Court's May 2, 2019 Order* (Doc. 95); and Defendant's *Memorandum In Response to Plaintiff's Motion to Seal* (Doc. 94) . For the reasons set out below, Plaintiff's motion to seal is **GRANTED as modified** by Docs. 94 and 95 and this Order; Plaintiff's brief is construed as a motion to re-file Exhibits B and V to Plaintiff's motion for class certification and is **GRANTED**; Defendant's memorandum is construed as a motion to seal and is **GRANTED** to the extent set out below.

### I.   BACKGROUND

On April 22, 2019, Plaintiff Annie Arnold ("Arnold" or "Plaintiff") filed a *Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel* and an accompanying *Memorandum in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel*. Docs. 87, 88. In tandem with that,

Arnold filed a *Motion for Leave to File Under Seal Portions of Memorandum in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel.* Doc. 86. The motion for class certification and accompanying memorandum were filed under seal pending the Court's ruling on her motion to seal.

In her original motion to seal, which was unopposed, Plaintiff sought to file under seal any exhibits filed in support of her motion for class certification that were designated by the defendant, State Farm Fire and Casualty Company ("State Farm" or "Defendant"), as "Confidential" or would reveal information designated as confidential under the terms of a Consent Order adopted and incorporated into the Scheduling Order on October 13, 2017.[1] Docs. 50 and 51. Arnold did not specify which documents she wished sealed, but she filed under seal the following exhibits: B, H, T, V, X, Y, Z, AA, BB, CC, and EE. She also filed her memorandum in support of the motion for class certification under seal and sought leave to redact the relevant portions of the memorandum accordingly.[2]

However, the consent order merely guards against disclosure of confidential information exchanged by the parties during discovery; information produced in discovery is not subject to the common-law right of access. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001); *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). The consent order does not transfer to the parties the Court's responsibility for protecting

---

[1] The Court notes that movants are required to identify the documents they wish sealed under the local rules. *See* S.D. Ala. GenLR 5.2(b). Plaintiff's motion also did not state the duration for which the seal was requested or why alternatives to sealing are inadequate, as required by the local rules. *See id.*

[2] Plaintiff stated in the motion that she wished to file portions of the memorandum under seal. However, under this Court's Local Rules, "[p]ortions of a document cannot be filed or placed under seal – only the entire document may be sealed." General L.R. 5.2(a). Thus, the Court construed her request as one to redact the relevant portions of her brief.

the public's right to access judicial records of substantive proceedings. *See, e.g., Romero*, 480 F.3d at 1247. Accordingly, the parties were directed to confer regarding the exhibits Plaintiff sought to seal and to file briefs (1) indicating which materials each party wishes to be sealed and/or redacted from the motion for class certification and accompanying memorandum; (2) asserting an argument for sealing each, addressing the relevant factors; and (3) indicating whether each request is unopposed. *See* Doc. 91. Deadlines for responding to the motion for class certification were stayed and the relevant documents have been maintained under seal pending a ruling on the matter. Accordingly, the parties indicate they have conferred, and each has submitted the requested brief indicating which documents they seek to file under seal. Docs. 94, 95.

## II. STANDARD OF REVIEW

"The operations of courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839, 98 S. Ct. 1535, 1541, 56 L. Ed. 2d 1 (1978). "[T]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero,* 480 F.3d at 1245 (quoting *Chicago Tribune Co.*, 263 F.3d at 1311). "What happens in the halls of government is presumptively public business. Judges deliberate in private, but issue public decisions after public arguments based on public records." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). The common-law right of access favors access to judicial records and includes "the right to inspect and copy public records and documents." *Chicago Tribune*, 263 F.3d at 1311. However, the right is not absolute. *Id*. It does not apply to discovery, and where it does apply, it may be overcome by a showing of good cause. *Romero*, 480 F.3d at 1245.

The good cause standard "requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune*, 263 F.3d at 1313. When considering that balancing test, the *Romero* Court stated as follows:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. "Discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Tribune Co.*, 263 F.3d at 1312. The Court should inform its decision whether to seal a judicial record by a "'sensitive appreciation of the circumstances that led to ... [the] production [of the particular document in question].'" *Chicago Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598, 602-02, 98 S. Ct. 1306, 1312, 1314-15, 55 L. Ed. 2d 570 (1978)).

"[T]he judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (citations omitted). Thus, because the Court is obligated to protect the public's right to access judicial records, it is not bound by the parties' stipulation to seal the documentary record. *See, e.g., Romero*, 480 F.3d at 1247 ("[T]hat both parties want to seal court documents 'is immaterial' to the public right of access.") (quoting *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)).

### III. PLAINTIFF'S BRIEF - Exhibits B and V (Doc. 89-2; Docs. 89-22/90-7)[3]

In her brief, Arnold indicates that she does not seek, herself, to file any documents under seal. Doc. 95. She stated that she sought to do so in her previous motion primarily to adhere to the constrains of the consent order adopted by the Court (Docs. 50, 51, 53) regarding items designated by State Farm as "Confidential." Doc. 95. Thus, Arnold makes no argument in her brief for placing State Farm's "Confidential" documents under seal.

Arnold also indicates, however, that she wishes to refile Exhibits B and V in order to limit the scope of the documents to only the portions relevant to the motion for class certification. She explains that she filed the exhibits—transcripts of her deposition and the deposition of proposed class representative Tina Daniel—in their entirety with her motion for class certification, intending to file them under seal because they contain references to confidential medical and financial information. Arnold indicates that the parties have conferred and have agreed to narrow the scope of materials they wish to be placed under seal. Consequently, rather than move to seal Exhibits B and V, Arnold seeks to re-file them without the extraneous personal information. State Farm raises no objection. The Court construes the request as a motion to re-file Exhibits B and V, which the Court grants.

### IV. DEFENDANT'S BRIEF

A.   **Exhibit X (Docs. 89-24/90-8)**

In its brief, State Farm concedes that Exhibit X was filed under seal in error, and the parties do not request the document be maintained under seal. Accordingly, the Court orders the document unsealed.

---

[3] It appears that Plaintiff has not included Exhibit B among the sealed exhibits filed in Doc. 90; however, the absence is irrelevant in light of this Order.

**B.     Exhibits T and Z (Docs. 89-20/90-6; Docs. 89-26/90-10)**

State Farm also concedes that various documents designated as confidential during discovery do not meet the standard for filing under seal. Doc. 94. State Farm indicates that Arnold filed Exhibits T and Z—both deposition transcripts designated as confidential under the terms of the consent order—in their entirety in conjunction with her motion for class certification, but the parties have agreed that the portions relevant to the motion need not be filed under seal. Consequently, State Farm indicates that (1) Arnold has agreed to re-file Exhibits T and Z to include only the agreed-upon portions relevant to the motion and (2) State Farm does not seek to file the agreed-upon portions under seal. State Farm correctly notes that, under the Court's local rules, parties are instructed to file in conjunction with their motions "only the relevant portions" of discovery material "germane to any motion or response." S.D. Ala. CivLR 5(a) ("If discovery materials are germane to any motion or response, only the relevant portions of the material shall be filed with the motion or response."). Accordingly, the Court construes this as a joint motion to re-file Exhibits T and Z and grants the motion. The currently filed documents will remain under seal.

**C.     Exhibit BB (Docs. 89-28/90-12)**

State Farm indicates that Exhibit BB is an email communication between itself and a third-party vendor, and the vendor had designated it as "Confidential" in response to Plaintiff's subpoena. State Farm indicates that the vendor has withdrawn its objection to filing the document in the public record; consequently, State Farm moves only to redact the exhibit to obscure the email addresses of the sender and recipient, arguing that they are irrelevant business contact information. The Court agrees and grants the request.

**D.      Exhibit CC (Docs. 89-29/90-13)**

State Farm notes that Exhibit CC comprises 27 pages of internal State Farm email communications, many of which are irrelevant to Plaintiff's pending motion for class certification. State Farm indicates that Plaintiff has agreed to modify the exhibit to include only the necessary pages, which State Farm does not seek to seal. Defendant requests that the Court permit the exhibit to be re-filed pursuant to the parties' agreement and permit the parties to redact the names and email addresses of the senders and recipients of the emails. State Farm argues that the contact information is not germane to any issues raised in Plaintiff's motion for class certification; the redaction would protect irrelevant business contact information for the individuals; and the substance of the emails would remain available in the public record. Accordingly, the Court grants the request to re-file Exhibit CC with the requested modification and redaction.

**E.      Exhibit H[4] (Docs. 89-8/90-1 to 90-5)**

State Farm seeks to file Exhibit H under seal in its entirety, asserting that it is a trade secret containing high-value information closely guarded by insurers that, if made public, would give competitors a substantial and unfair advantage. Defendant indicates that the exhibit is a massive spreadsheet containing detailed estimating and claim data concerning potential class members compiled over an extended period of time. Specifically, it contains estimating data for more than 10,000 Alabama property insurance claims made over approximately eight years, including the number of estimates generated, the date of each insured's loss, the zip code for the property at issue, the estimated replacement cost for the loss, and the depreciation reflected in each estimate broken down into subcategories including, in relevant part, "labor depreciation," the calculated

---

[4] Due to the size of the exhibit, Exhibit H is listed on the docket as Exhibits H1-H5. For purposes of this Order, Exhibits H1-H5 shall be referred to as "Exhibit H."

"actual cash value" ("ACV"), and the calculated "Net ACV" for each estimate. Doc. 94 at 12-13. It also contains claim data detailing the dates and payment amounts of each structural damage indemnity claim, draft remarks for the payments when available, "pay code" types for each claim payment, deductibles, coverage limits, and the cause and general location of each loss, among other information.

State Farm argues that the spreadsheet data is highly proprietary, competitively sensitive, and confidential. State Farm avers that public disclosure of the information would cause it substantial injury in the Alabama insurance market by giving competitors a window on State Farm's property insurance loss experience in Alabama, while State Farm would have no similar insights on its competitors' experience. State Farm argues that it has taken extensive steps to safeguard the confidentiality of the data, including imposing express requirements on employees, independent adjusters, and others to protect the data from public disclosure.

State Farm asserts that the electronic claim handling system in which its claim handling and payment data is stored is highly proprietary, it was developed internally over several years at great expense, and employee access to it is restricted based on need. Defendant notes that the data compiled in the exhibit is even more restricted—that, indeed, claims personnel could not access reports showing the aggregate data in Exhibit H in the normal course of their work. Defendant asserts that similar data is regularly protected in litigation by, *inter alia*, court orders to seal. State Farm asserts that the estimating data in Exhibit H is generated from adjusters' individual loss estimates using Xactimate software under a license agreement that requires the licensor to maintain the data's confidentiality; accessing the data through the software system requires security credentials; and transmissions of the data are encrypted.

State Farm questions whether Plaintiff's motion for class certification is the kind of

substantive proceeding contemplated by the common law right of access and argues that, even assuming it is, State Farm has shown that publicly filing Exhibit H would harm its legitimate privacy interests and present a substantial risk of significant competitive harm. State Farm notes that the data does not refer to public officials and asserts that there is no less onerous means of protecting the data because it is not the kind of data that may simply be redacted. State Farm argues that Plaintiff relies on the data at this point in the litigation merely to try to show that the action qualifies for class treatment, and the Court is not being asked to make a merits-based determination. State Farm further argues that no party's ability to respond to the data in Exhibit H will be hampered by a seal because its relevance to the class certification motion is the type of data it contains, not the individualized data figures, and the public-facing portions of Plaintiff's memorandum in support of class certification provide a sufficient summary of the type of data the exhibit contains.

State Farm attaches to its memorandum a sworn declaration by Tom Moss ("Moss"), a Fire Claim Consultant who provides support and guidance to other State Farm employees on the use of the computer estimating software. Doc. 94-1. In the declaration, Moss attests to the contents and uses of Exhibit H and the electronic system used to create it, the steps State Farm takes to ensure its confidentiality, its sensitive and proprietary nature—essentially, all the particulars of State Farm's argument in favor of a seal, with additional detail.

As an initial matter, State Farm makes no argument in support of its assertion that a motion for class certification may not qualify as the kind of public-facing judicial determination subject to a presumption of public access. Thus, to the extent the argument is made, it is also rejected. Nevertheless, the Supreme Court has noted that the Courts may deny access to judicial records where they may become a "sources of business information that might harm a litigant's

competitive standing." *Nixon*, 435 U.S. at 598; 98 S. Ct. at 1312. Here, State Farm asserts that Exhibit H contains valuable trade secrets that could be used for just such purpose. To demonstrate that Exhibit H constitutes a trade secret, State Farm must show that the spreadsheet has substantial value; derives its value from the effort of its creation and lack of dissemination; would be valuable to State Farm's competitors; and has consistently been treated as a closely guarded secret. *Chicago Tribune Co.*, 263 F.3d at 1313.

State Farm demonstrates by the assertions above—which Moss attests to under penalty of perjury—that Exhibit H and the database from which it was produced are substantially valuable to State Farm and to its competitors; that the value derives from the creation of both the database and the spreadsheet, and from their confidential nature; that State Farm has, indeed, kept access to the database closely guarded; and that public access to the spreadsheet could harm State Farm's Alabama business by giving competitors a comprehensive look into its internal claim processes. Thus, the Court finds that State Farm has demonstrated that the contents of Exhibit H, as a whole, constitute a trade secret.

Additionally, State Farm has established good cause for filing Exhibit H under seal. The sheer volume of internal information collected in the spreadsheet over a period of years, and the lengths to which State Farm has gone to limit access to and dissemination of that information, even among its own employees, supports the sensitive nature of the data and its potential value to competitors. Moreover, there appears to be no opposition to a seal.[5] Based on State Farm's arguments and supporting evidence, the Court finds that State Farm has shown good cause, and preventing public access to the spreadsheet as a whole is warranted under the *Romero* factors.

---

[5] State Farm does not explicitly state whether Arnold opposes the request to seal. However, given Arnold's prior motion to seal, the parties' subsequent conference, and the ensuing briefs, none of the requests before the Court appear to be contentious.

Specifically, the Court finds that there is a substantial likelihood of injury to State Farm if the spreadsheet were publicly available, no public officials or business of public agencies are directly implicated in the data, and, although the lawsuit itself is a presumptively public concern, access to the spreadsheet is unnecessary for an understanding of the issues involved. State Farm has an interest in keeping the spreadsheet private that outweighs public interest in the collected data contained in it. Thus, the Court grants the motion to seal.

The Court notes, however, that State Farm's arguments pertain to access to the spreadsheet in its totality. State Farm does not object to Plaintiff's lengthy description of State Farm's Xactimate estimating software and the ways in which State Farm has used the software in Plaintiff's memorandum supporting the motion for class certification. *See, e.g.*, Doc. 88 at 11-15, 27-30. State Farm also raises no objection to Plaintiff's citation to a small amount of specific data in the spreadsheet in the memorandum's factual background regarding the claim history of the three proposed additional class representatives. *See id*. at 10-11. Moreover, State Farm does not request any redactions to Plaintiff's memorandum. Thus, the specific information from and concerning the spreadsheet contained in the memorandum is exempted from the seal for purposes of class certification, and Plaintiff's memorandum shall be unsealed.

## V.  CONCLUSION

As detailed above, the Court **ORDERS** as follows:

(1) Plaintiff's motion to seal (Doc. 86) is **GRANTED as** modified by Docs. 94 and 95 and this Order.

(2) Plaintiff's motion to re-file amended Exhibits B and V (Doc. 95) is **GRANTED**.

(3) Defendant's motion to seal (Doc. 94) is **GRANTED** as follows:

   a. The parties' joint motion to re-file amended Exhibits T and Z is **GRANTED**.

    b. Defendant's motion to redact email addresses from Exhibit BB is **GRANTED**. The parties are **DIRECTED** to re-file an amended exhibit with the appropriate redactions.

    c. Defendant's motion to re-file an amended Exhibit CC and to redact the names and email addresses of senders and recipients is **GRANTED**.

    d. Defendant's motion to permit Exhibit H to be filed under seal is **GRANTED**, with the exceptions noted above. The Clerk of Court is **DIRECTED** to maintain Exhibit H under seal pending further Order of this Court. If further adjudication beyond the class certification motion currently pending in this case requires citation to or other use of the data in the spreadsheet, the parties are **DIRECTED** to confer and notify the Court as to any additional exemptions.

(4) The Clerk of Court is **DIRECTED** to unseal Exhibits X, Y, AA, and EE (Docs. 89-24/90-8; Docs. 89-25/90-9; Docs. 89-27/90-11; and Docs. 89-31/90-14), and the *Memorandum in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel* (Doc. 88). All other documents currently under seal shall remain under seal pending further Order of this Court.

**DONE and ORDERED** this 29th day of August 2019.

                                      /s/ Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES DISTRICT JUDGE