**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| ANNIE ARNOLD, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) | CIV. ACT. NO. 2:17-cv-00148-TFM-C |
| ) STATE FARM FIRE AND CASUALTY ) COMPANY, ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is *Defendant State Farm's Motion for Summary Judgment* (Doc. 119, filed November 1, 2019). Plaintiff Annie Arnold and Defendant State Farm Fire and Casualty Company appeared for a two-day hearing to address pending motions on July 22-23, 2020. After a careful review of all the written pleadings, motions, responses, replies, and exhibits, and having heard the arguments and testimony presented by the parties, the Court **DENIES** the motion for summary judgment (Doc. 119) for the reasons articulated below.

**I. PARTIES AND JURISDICTION**

Plaintiff Annie Arnold ("Plaintiff" or "Arnold"), proceeding individually and on behalf of all others similarly situated, asserts claims under this Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332(d), which provides that district courts have original jurisdiction over any civil class action where the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and any member of a class of plaintiffs is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(8) ("This subsection shall apply to any class action before or after the entry of a

class certification order by the court with respect to that action."). The parties do not contest either subject matter, personal jurisdiction, or venue. Adequate support exists for all.

## II. Background and Procedural History

Arnold initially filed this putative class action against Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm") in the Circuit Court of Dallas County, Alabama. Doc. 1-1. In her Complaint, Arnold alleges a single claim: breach of contract. Essentially, Arnold alleges that she and other class members had insurance policies through State Farm covering damage to property, and that State Farm breached those contracts by improperly withholding depreciation on labor costs in calculating the actual cash value ("ACV") of each loss, resulting in damages. As relief, Arnold seeks to recoup unpaid depreciated labor costs withheld from class members' claims along with pre-judgment and post-judgment interest on the damages and lawsuit costs and fees. State Farm removed the case to federal court on April 7, 2017. Doc. 1.

As relevant background, State Farm policies providing replacement cost value ("RCV") coverage generally provides for payment of Alabama structural damage claims in two steps:

> (1) Until actual repair or replacement is completed, [State Farm] will pay only the actual cash value of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;
> (2) When the repair or replacement is actually completed [State Farm] will pay the covered additional amount [the policyholder] actually and necessarily spend[s] to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less[.]

*See, e.g.*, Doc. 89-10 at 1; Doc. 164-10 at 2.

When a policyholder files a claim, a State Farm adjuster inspects the property damage and estimates the ACV of the claim using State Farm's licensed "Xactimate" software, which enables claim adjusters to enter relevant data—for example, the age and condition of the items needing repair, the type and amount of materials needed to perform the repairs, etc.—regarding the damage

and the required repairs and electronically calculate ACV based on standardized criteria. For many Alabama structural damage claims during the relevant time period, the Xactimate software criteria included withholding costs for labor depreciation from ACV estimates.[1] As demonstrated during the evidentiary hearing and set out in the case file, Xactimate software enables labor depreciation to be calculated or not calculated by merely selecting it as an option with a click of a button. *See, e.g.,* Docs. 90-6 at 12; 90-13. Once an estimate is completed, State Farm issues a check to the policyholder for the ACV amount.

Arnold purchased a State Farm insurance policy—Policy Number 01-48-1214-5, effective November 27, 2012 to November 27, 2013—on her home in Selma, Alabama. In June 2013, during the coverage period, the property was damaged by fire. Arnold reported the loss to State Farm on June 5, 2013. A State Farm claim adjuster inspected Arnold's home and estimated a total RCV of $95,719.54. Deducting Arnold's $2,000 deductible and $21,486.26 for labor and other types of depreciation, the adjuster determined an ACV of $72,233.28. State Farm paid Arnold that amount on or about July 3, 2013.

In a July 3, 2013 letter, a State Farm claim representative explained to Arnold that her policy included replacement cost coverage, meaning that an additional amount of $21,429.41 was available to her in replacement cost benefits if the cost of replacement or repair exceeds the ACV. Doc. 89-3. The letter explained that Arnold could submit a supplemental claim after completion of repairs or replacement by submitting invoices, receipts, or other documentation. *Id*. In a subsequent letter dated March 21, 2014, the claim representative indicates additional payment of

---

[1] Evidence in the record demonstrates that State Farm categorized labor depreciation withholdings in Alabama as "non material depreciation" and "removal depreciation." *See* Docs. 90-6, 90-13. The parties dispute whether an additional category, "O and P depreciation" also qualifies as labor depreciation for purposes of this lawsuit.

$15,486.26 in replacement cost benefits based on costs incurred in purchasing and repairing a new home.  Doc. 89-4.

Arnold contends that, after paying off her mortgage, she did not have enough money to repair or rebuild her original home and, instead, bought a home nearby in need of repairs for $43,000 on January 27, 2014.  Arnold and State Farm's claim representative agreed State Farm would release withheld depreciation amounts to enable Arnold to complete repairs if she provided work estimates, which she obtained from various contractors.  Arnold asserts that an estimate from Metro Mason General Contractors ("Metro Mason") showed the amount to complete repairs was $49,704.  Based on the estimates provided, State Farm released withheld depreciation in the amount of $15,486.26 on March 21, 2014, as Arnold's replacement cost benefit.  She asserts that the amount was insufficient to complete the repairs, so she hired subcontractors to perform as much of the work as possible with the funds available.  Arnold filed this lawsuit on March 8, 2017.  After she filed suit, State Farm discovered it had miscalculated and underpaid Arnold for the depreciation amounts.  State Farm sent Arnold a supplemental payment for $4,874.46, representing the remainder of her replacement cost benefit, on April 13, 2017.  Doc. 10-2 at ¶¶ 14-15.

State Farm filed a motion to dismiss this action on April 14, 2017, which the Court denied on August 3, 2017.[2]  Docs. 10, 31.  Arnold filed a motion to remand the action to state court on May 2, 2017, which the Court also denied.  Docs. 19, 31.  Arnold filed her motion for class certification, appointment of class representatives, and appointment of class counsel on April 22, 2019.  State Farm responded, and Arnold replied.[3]  Docs. 87, 88, 108, 113.  State Farm filed a motion for summary judgment on November 1, 2019, to which Arnold responded and State Farm

---

[2] On August 30, 2018, the case was reassigned to the undersigned.
[3] The Court granted the class related motion by a separate opinion on this same date.

replied. Docs. 119, 128, 133. State Farm also filed a motion to exclude the expert opinions of Toby Johnson on November 19, 2019, which this Court denied on September 20, 2020. Doc. 122, 177. An evidentiary hearing was held on the pending motions on July 22-23, 2020.[4] Thus, the summary judgment motion is ripe for review.

### III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "[T]he substantive law will identify which facts are material." *Id*. at 248, 106 S. Ct. at 2510. At the summary judgment stage, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Id*. at 249, 106 S. Ct. at 2511. The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Tipton v. Bergrohr GMBH–Siegen,* 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Mize v. Jefferson City Bd. of Educ*., 93 F.3d 739, 742 (11th Cir. 1996) (citing *Hairston v. Gainesville Sun Publ'g Co*., 9 F.3d 913, 918 (11th Cir. 1993)). For factual issues to be considered genuine, they must have a real basis in the record. *Id.*

---

[4] The evidentiary hearing was originally scheduled for March 23-24, 2020. But was rescheduled in light of the COVID-19 pandemic.

The party asking for summary judgment bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23, 106 S. Ct. at 2252. A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (internal quotations omitted) (citing *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553). The court must view facts and draw all reasonable inferences in favor of the non-moving party. *Moore v. Reese*, 637 F.3d 1220, 1231 (11th Cir. 2011) (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)). However, to avoid summary judgment, the non-moving party "must do more

than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (citations omitted). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likely insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990).

Finally, Fed. R. Civ. P. 56(e) also provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

### IV. DISCUSSION AND ANALYSIS

In this motion, State Farm seeks dismissal of Arnold's breach of contract claim on two asserted grounds: (1) State Farm complied with Arnold's insurance policy and Alabama law, and thus, there is no breach of contract; and (2) Arnold cannot recover prejudgment interest because she failed to submit a proof of loss form. Each argument will be addressed in turn.

**A.     Breach of contract claim**

State Farm argues that, under Alabama law, when a policyholder opts to purchase a replacement property in lieu of repairing a damaged property, the insurer fully complies with its obligations under the policy by paying the amount incurred by the policyholder to purchase the replacement property. *See* Doc. 119 at 10 (citing *Huggins v. Hanover Ins. Co.*, 423 So. 2d 147, 150 (Ala. 1982)). State Farm argues that, similarly, its policy when an insured opts to purchase a

replacement property in lieu of repairing a damaged property is to pay the replacement cost—i.e., the purchase price for the replacement property as well as any costs to repair that property up to the originally estimated replacement cost for the damaged property, less the policyholder's deductible and the lot value of the replacement property.

State Farm argues that, in Arnold's case, it paid more than the costs she incurred to replace her damaged home, in addition to costs she claimed she would incur to repair the replacement home. State Farm asserts that it paid full replacement cost benefits, minus Arnold's deductible and the $6,000 value of the new lot, and thus, it has fully complied with its obligation under her policy and Alabama law.

State Farm further argues that, based on information obtained during discovery, it may have significantly overpaid Arnold on her claim, noting that it paid additional costs for repair of her new home based on a signed contract with Metro Mason she submitted with her claim, but during her deposition she did not recall hiring the contractor to perform the repairs and testified that she did not remember who she hired. State Farm asserts that the documented repair costs, excluding the contract, totaled only $7,890, and it paid Arnold $20,000 more than that in its ACV estimate ($72,233.28) and $40,000 more than that altogether. *See* Doc. 119 at 17.

In response, Arnold argues, first, that State Farm withheld labor depreciation in its calculation of Arnold's ACV payment, and thus, under this Court's ruling in the earlier motion to dismiss, State Farm's withholding of labor depreciation was improper. Arnold argues that only State Farm's deficient ACV payment is at issue in this action, not the sufficiency of her subsequent claim for replacement cost benefits. Arnold asserts that, under the policy, State Farm was obligated to pay up front the appropriate ACV amount, and it breached its policy by failing to do so because it improperly depreciated labor costs and deducted that amount from its ACV payment.

Arnold explains that State Farm's argument alleging she "misrepresented facts" about going forward with full RCV repairs by a general contractor fails to acknowledge that Arnold was unable to make these repairs because State Farm improperly withheld thousands of dollars in labor depreciation and several more thousands from a "calculation error." *See* Doc. 128 at 34. Arnold and State Farm's claim representative agreed that State Farm would release withheld depreciation amounts necessary to make Arnold's replacement home livable on the condition that she obtain a repair estimate first. "Arnold obtained two one-page documents from local general contractors—one entitled 'JOB ESTIMATE' from Metro Mason and one entitled 'DESCRIPTION OF SERVICES' from Phase II Construction in the amounts of $49,704 and $47,800, respectively. *Id.* at 35. The costs to repair them home exceeded the amount available under Arnold's claim. State Farm released withheld depreciation to Arnold ($15,486.26) in RCV benefits. Subsequently, Arnold used this and hired several subcontractors to complete as much work as possible (e.g. flooring, cabinets, bathrooms). *See id.*

By its own arguments, whether Arnold's statements are misrepresentations of facts necessarily requires a credibility determination. In order to make a credibility determination this Court would have to weigh the evidence and determine the truth of the matter, which exceeds the Court's scope permitted at summary judgment. The Court's only task is to determine whether there is a genuine issue for trial. As Arnold argues, and the Court agrees, the pertinent issue in this case is State Farm's deficient ACV payment as opposed to the sufficiency of Arnold's replacement cost benefits. Here, whether Arnold misrepresented facts is a genuine issue because a reasonable jury could return a verdict that she did not. Further, the Court is required to construe the facts in the light most favorable to Arnold, the non-movant. Consequently, the Court cannot grant summary judgment as to the breach of contract claim based on this argument.

**B.     Prejudgment Interest**

State Farm argues that Arnold cannot recover prejudgment interest because she failed to submit a signed, sworn proof of loss form as required under the policy.  A policyholder has a right to collect interest only from the date the loss should have been paid to the date of trial.  *See* Ala. Code § 8-8-8; *Ala. Farm Bureau Mut. Cas. Ins. Co., Inc. v. Williams*, 530 So.2d 1371, 1378 (Ala. 1988).  To establish an award of interest under Ala. Code § 8-8-8, a plaintiff must prove that (1) the amount due under the contract is certain; (2) the time payment was due is also certain; and (3) both the amount due and the time payment was due were known to the debtor.  *See Wood v. Cent. Bank of the South*, 435 So.2d 1287, 1291 (Ala. Civ. App. 1982).  State Farm argues that Arnold fails to establish any of these elements as a matter of law.

State Farm asserts that Plaintiff cannot demonstrate any certain amount owed at any certain time because no payments are due under the policy until the proof of loss is submitted.  It also argues that the policy provision was not waived because the insurance policy requires that any provision may be waived only if State Farm does so in writing, which it did not.  *See* Doc. 119 at 19.  State Farm argues that there was no certain amount known to be due on a certain date.  State Farm also asserts that waiver requires knowledge of the facts to which the waiver relates, and State Farm was unaware that Arnold challenged the amount of her ACV payment until she filed suit.  Finally, State Farm avers, to the extent any prejudgment interest is owed, that amount is offset by State Farm's overpayment on Arnold's claim.

Arnold responds that Alabama law uniformly treats payment of a claim as waiver of any proof of loss requirement.  Arnold asserts that there is no record evidence State Farm ever requested or received a proof of loss form from any putative class members—that, indeed, State Farm administered all of the 155 random claims it provided during discovery without the

submission of a single proof of loss form.  Arnold asserts that the evidence indicates that proof of loss forms play no role in State Farm's claims handling procedures in Alabama.  Finally, Arnold contends that, because State Farm's arguments regarding proof of loss apply class-wide, resolution of the issue should be deferred pending class certification.

Arnold argues that she is entitled to an award of interest because all of the requirements of Alabama Code § 8-8-8 have been met.  The amount due is certain according to State Farm's calculation of the wrongfully withheld depreciation from Arnold's ACV payment.  *See* Doc. 128 at 17-18.  At the hearing Arnold explained that State Farm's suggestion that the principal amount is unknown is misleading.  The variable that has to be determined by the court is which categories are including in labor depreciation.  Furthermore, the date payment was due is certain—it's the date State Farm issued its deficient ACV payment to Arnold.  Arnold asserts that State Farm knew both the amount and time payment was due as evidenced by their calculation of the amount and the information being in their records.

Lastly, prejudgment interest must be applied to damages that are capable of being ascertained with ease and certainty or by a simple mathematical computation.  *See Ballard v. Lee A. McWilliams Const., Inc.*, 258 So.3d 336, 339 (Ala. Civ. App. 2018).  Arnold and the putative class seek prejudgment interest of 6% per annum from the date on which labor depreciation was withheld—as calculated by State Farm adjusters via Xactimate software at the time of ACV payment—through the date State Farm released the labor depreciation withholding in the form of replacement cost benefits or, if not released, the date of final judgment in this case.  Arnold argues that prejudgment interest begins to accrue from the date of the breach of contract under Alabama law, and because State Farm's policies do not designate a prejudgment interest rate, the legal rate of six (6) percent per annum should be used.

State Farm's arguments for granting summary judgment raise genuine issues of material facts that compel this Court to deny summary judgment.  First, State Farm's argument that it complied with Arnold's insurance policy because it may have significantly overpaid Arnold's claim raises the issue of whether Arnold's statements about the cost to repair her home, as evidenced by the estimates provided by Metro Mason and Phase II Construction, were misrepresentations of facts.  Since such an assessment would require this Court to exceed its prescribed scope of review pursuant to Fed. R. Civ. P. 56(a) and make a credibility determination, this Court is precluded from granting summary judgment based on that argument.

Second, State Farm's argument that Arnold cannot recover on a claim for prejudgment interest because she failed to submit a proof of loss form, also raises a genuine issue of material fact.  Here, whether Arnold satisfied the requirements in Alabama Code § 8-8-8 is a genuine issue of material fact as there is the issue of State Farm's waiver.  The Court is required to construe the facts in the light most favorable to the non-movant, Arnold, and a reasonable jury could conclude that Arnold fulfilled the requirements in Alabama Code § 8-8-8, and render a verdict in Arnold's favor.  Accordingly, the Court cannot grant summary judgment as to the breach of contract claim based on this argument.  In light of the facts surrounding this case and both of State Farm's arguments, granting summary judgment is not appropriate.  Thus, State Farm's summary judgment motion is due to be denied.

## V.  CONCLUSION

After due consideration of all matters presented and for the reasons stated herein, Defendant's Motion for Summary Judgment (Doc. 119) is **DENIED**.

**DONE** and **ORDERED** this the 23rd day of November 2020.

                                                        s/Terry F. Moorer
                                                       TERRY F. MOORER

UNITED STATES DISTRICT JUDGE