IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNIE ARNOLD, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CIV. ACT. NO. 2:17-cv-148-TFM-C |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Now pending before the Court is Plaintiff and Class Representative Annie Arnold and Class Representatives Bobby Abney, Tina Daniel, and Kenneth Scruggs ("Class Representatives") and Defendant State Farm Fire and Casualty Company ("State Farm") (collectively, the "Parties") *Joint Motion for Approval of Agreed Proposed Class Notice* (Doc. 180, filed January 25, 2021). After careful review of the pending motion and the Parties' Class Notice (Doc. 180-1), the Court **GRANTS** the Parties' motion (Doc. 180) for the reasons articulated below.

### I.   BACKGROUND

On November 23, 2020, this Court issued an order granting Plaintiff's motion for class certification. Doc. 179. The Court's order directed the Parties to submit a proposed class notice draft by January 25, 2021. The Parties timely submitted the proposed class notice draft that is now before the court for approval. Doc. 180-1. On December 7, 2020, State Farm filed a petition for permission to appeal this Court's Order (Doc. 179) with the Eleventh Circuit pursuant to Fed. R. Civ. P. 23(f) ("Rule 23(f) Petition"). The Parties requested that the Court defer issuing an order until the Eleventh Circuit ruled on their Rule 23(f) Petition. On January 27, 2021, Plaintiff and

Class Representatives submitted their *Notice of Eleventh Circuit's Denial of Rule 23(f) Appeal*. Docs. 181, 181-1. Following the Eleventh Circuit's denial of the Rule 23(f) Petition, the Parties' joint motion is ripe for review.

## II.  DISCUSSION

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B) "[f]or any class certified under Rule 23(b)…the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. *See* FED. R. CIV. P. 23(c)(2)(B). The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). *Id*.

The Court finds that the Parties' joint proposed class notice draft complies with the class notice content requirements of FED. R. CIV. P. 23(c)(2)(B) and is consistent with the class notice guidelines promulgated by Federal Judicial Center. In accordance with the Parties' agreement, State Farm is ordered to provide Plaintiff with the names and last known mailing addresses of all potential class members by **March 10, 2021**. State Farm is also ordered to provide Plaintiff, in writing, the methodology it used for identifying potential class members by **February 23, 2021**. Lastly, the Parties are ordered to present any dispute regarding the methodology for identifying potential class members to the Court no later than **March 3, 2021**.

The Parties' *Joint Motion for Approval of Agreed Proposed Class Notice* (Doc. 180) is **GRANTED**.

**DONE** and **ORDERED** this the 10th day of February 2021.

                                                  s/Terry F. Moorer  
                                                  TERRY F. MOORER  
                                                  UNITED STATES DISTRICT JUDGE