IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNIE ARNOLD, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIV. ACT. NO. 2:17-cv-148-TFM-C |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, DIRECTING NOTICE TO THE CLASS, SCHEDULING A FINAL APPROVAL HEARING, AND PRELIMINARILY CERTIFYING SETTLEMENT CLASS**

Pending before the Court is the *Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement*, Certification of the Settlement Class, and Scheduling a Final Approval Hearing (the "Motion") (Doc. 196, filed 2/9/22) and *State Farm Fire and Casualty Company's Separate Submission in Support of Preliminary Approval of Proposed Class Settlement* (Doc. 197, filed 2/9/22). Plaintiff Annie Arnold ("Plaintiff"), additional class representatives Bobby Abney, Tina Daniel, and Kenneth Scruggs ("Additional Class Representatives"), individually and on behalf of themselves and the Class as defined herein, and Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant"), have agreed to settle this litigation pursuant to the terms and conditions stated in the Stipulation of Settlement (the "Stipulation" or the "Settlement"), subject to this Court's approval. Doc. 196-1, filed 02/09/22. This matter is now ripe for disposition.

I.   BACKGROUND

Plaintiff initiated this action on March 8, 2017, asserting a single claim for breach of contract on behalf of herself and a class of State Farm policyholders who made structural damage

insurance claims for damage to Alabama properties. Plaintiff claims that State Farm improperly depreciated the estimated cost of labor and other non-material costs necessary to complete repairs to insured property when it calculated and issued actual cash value ("ACV") claim payments to her and other class members for structural damage losses suffered under their policies with State Farm.

## II. MOTION FOR PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS.

### A. Legal Standard.

When the plaintiff requests class certification for purposes of a settlement-only class, the district court "need not inquire whether the case, if tried, would present intractable management problems, … for the proposal is that there be no trial." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620, 117 S. Ct. 2231, 2248, L. Ed. 2d 689 (1997). But the other requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure still apply and the Court must find that all of them have been satisfied with respect to the proposed settlement class. *See id.* On November 23, 2020, after a two-day hearing, this Court granted class certification under Fed. R. Civ. P. 23(b)(3) of a disputed *litigation* class of policyholders the same as the proposed Settlement Class here. Doc. 178. That prior determination carries weight in the present analysis. *See generally* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.612 (2004) (recognizing that "approval of settlement class actions under Rule 23(e) requires closer judicial scrutiny than approval of settlements reached after class certification has been litigated through the adversary process.").

In addition, "'[f]or a class action to be certified, the named plaintiff must have standing, and the putative class must satisfy both the requirements of Federal Rule of Civil Procedure 23(a), and the requirements found in one of the subsections of Rule 23(b).'" *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (citing *City of Hialeah v. Rojas*, 311 F.3d 1096, 1101 (11th

Cir. 2002)). The Rule 23(a) requirements for certification of any class action are: "(1) numerosity ('a class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses "are typical … of the class"'; and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." *Amchem*, 521 U.S. at 613, 117 S. Ct. at 2245; *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187-88 (11th Cir. 2003) (same). The Federal Rules provide that a "class action may be maintained if Rule 23(a) is satisfied and if" the provisions of Rule 23(b)(1), Rule 23(b)(2), or Rule 23(b)(3) are satisfied. Fed. R. Civ. P. 23(b) Types of Class Actions. Thus, "[i]n addition to establishing the requirements of Rule 23(a), a plaintiff seeking class certification must also establish that the proposed class satisfies at least one of the three requirements listed in Rule 23(b)." *Little v. T–Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012); *see also Diamond v. Hastie*, Civ. Act. No. 1:15-00204-KD-C, 2019 WL 1994467, *4, 2019 U.S. Dist. LEXIS 75881, *11 (S.D. Ala. 2019).

Overall, the "party *seeking* class certification has the burden of proof." *Brown v. Electrolux Home Products, Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016) (citing *Valley Drug Co.*, 350 F.3d at 1187 (italics in original)).

**B.     Standing.**

As the Eleventh Circuit has made clear, "analysis of class certification must begin with the issue of standing." *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987). The Court previously found that Plaintiff has standing to bring her claims. *See* Doc. 31, at 2-8, PageID 782-788. Plaintiff and the Additional Class Representatives are State Farm policyholders who made structural damage claims for property located in the State of Alabama and who received actual cash value payments to which "non-material depreciation" was applied, or would have received actual cash

value payments but for State Farm's application of "non-material depreciation" causing the loss to drop below the applicable deductible.

**C.     Proposed Class.**

In the unopposed motion, Plaintiff and the Additional Class Representatives seek certification of a settlement class pursuant to Rules 23(a) and 23(b)(3).  The Stipulation provides that the Settlement Class is the same as the litigation class previously certified by the Court—that is, the same Class as the one that the Court previously concluded met all of the class certification requirements under Rule 23(a) and 23(b)(3).  The Settlement Class is defined as follows in the Stipulation:

> [A]ll persons and entities insured under a State Farm structural damage policy who made: (1) a structural damage claim for property located in the State of Alabama with a date of loss on or after March 8, 2011, but before August 3, 2017; and (2) which resulted in an actual cash value payment during the class period from which "non-material depreciation" was withheld from the policyholder; or which would have resulted in an actual cash value payment but for the withholding of "non-material depreciation" causing the loss to drop below the applicable deductible.  Excluded from the Class are: (1) all claims arising under policies with State Farm coverage form WH-2101 or endorsement form FE-3650, or any other policy form expressly permitting the "depreciation" of "labor" within the text of the policy form; (2) all persons and entities that received actual cash value payments from State Farm that exhausted the applicable limits of insurance as shown on the declarations page; (3) State Farm and its affiliates, officers, and directors; (4) members of the judiciary and their staff to whom this Action is assigned; and (5) Class Counsel.

(Stipulation, §§ 2.9., 2.35.)

   **III.     MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT.**

In determining whether to approve a proposed settlement, the District Court must find that the settlement is fair, adequate, and reasonable. *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir.  2011).  A district court looks to six factors in determining whether a class action settlement is fair, reasonable, and adequate: "(1) the likelihood of success at trial; (2) the

range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Id.*; *see also Comeens v. HM Operating, Inc.*, Civ. Act. No. 6:14-cv-00521-JHE, 2016 WL 4398412, at *3, 2016 U.S. Dist. LEXIS 109813, at *10 (N.D. Ala. Aug. 18, 2016). Furthermore, a court must consider the factors in Rule 23(e) which provides, among other things, that the crux of a court's preliminary approval evaluation is whether "giving notice [to the class] is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal," Fed. R. Civ. P. 23(e)(1)(B), and "focus[es]" a court's inquiry on "the primary procedural considerations and substantive qualities that should always matter to the decision whether to approve the proposal," Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment—that is, whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of Class Counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) the proposed Settlement Class (which is identical to the certified litigation class) meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement

purposes only; (3) the persons identified below should be appointed Class Representatives and Class Counsel; (4) the proposed Settlement is the result of informed, good-faith, arm's-length negotiations between the parties and their capable and experienced counsel and is not the result of collusion; (5) the proposed Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the proposed Settlement Class of the pendency of the Action, class certification, the terms of the proposed Settlement, Class Counsel's future motion for an award of attorneys' fees and expenses and request for Service Awards for Plaintiff and Additional Class Representatives, and their rights to opt-out of the Settlement Class and object to the Settlement; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant final approval of the Settlement and enter Final Judgment, and whether to grant Class Counsel's requested fees, litigation expenses and request for Service Awards for Plaintiff and Additional Class Representatives; and (8) the other related matters pertinent to the preliminary approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453.

3. Venue is proper in this District.

4. The Stipulation and Settlement are preliminarily approved as fair, adequate, and reasonable, and the motion of Plaintiff and Additional Class Representatives for preliminary approval of the Settlement is hereby **GRANTED** in all material respects, subject to further consideration at the Final Approval Hearing.

5. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23(e) factors are present, and that certification of the proposed Settlement Class is appropriate under Rule 23. The following Settlement Class is certified for purposes of the Settlement:

> [A]ll persons and entities insured under a State Farm structural damage policy who made: (1) a structural damage claim for property located in the State of Alabama with a date of loss on or after March 8, 2011, but before August 3, 2017; and (2) which resulted in an actual cash value payment during the class period from which "non-material depreciation" was withheld from the policyholder; or which would have resulted in an actual cash value payment but for the withholding of "non-material depreciation" causing the loss to drop below the applicable deductible.
>
> Excluded from the Class are: (1) all claims arising under policies with State Farm coverage form WH-2101 or endorsement form FE-3650, or any other policy form expressly permitting the "depreciation" of "labor" within the text of the policy form; (2) all persons and entities that received actual cash value payments from State Farm that exhausted the applicable limits of insurance as shown on the declarations page; (3) State Farm and its affiliates, officers, and directors; (4) members of the judiciary and their staff to whom this Action is assigned; and (5) Class Counsel.

6. Plaintiff Annie Arnold and Additional Class Representatives Bobby Abney, Tina Daniel, and Kenneth Scruggs are preliminarily appointed as representatives of the Settlement Class and the Court preliminarily finds that the following attorneys for Plaintiff and Additional Class Representatives satisfy the adequacy requirement of Federal Rule of Civil Procedure 23, and appoints such as Class Counsel:

| | |
|---|---|
| Erik D. Peterson<br>MEHR, FAIRBANKS & PETERSON TRIAL LAWYERS, PLLC | T. Joseph Snodgrass<br>SNODGRASS LAW LLC<br>100 South Fifth Street., Suite 800 |

201 West Short Street, Suite 800  
Lexington, KY 40507  
Telephone: 859-225-3731  
Facsimile: 859-225-3830  
edp@austinmehr.com

Minneapolis, MN 55402  
Tel: (651) 448-2600  
jsnodgrass@snodgrass-law.com

J. Brandon McWherter  
MCWHERTER SCOTT BOBBITT  
341 Cool Springs Blvd, Suite 230  
Franklin, TN 37067  
Tel: (615) 354-1144  
Fax: (731) 664-1540  
Brandon@msb.law

David Martin, Esq.  
THE MARTIN LAW GROUP, LLC  
2117 Jack Warner Parkway, Suite 1  
Tuscaloosa, AL 35401  
Telephone: (205) 343-1771  
Facsimile: (205) 343-1781  
david@erisacase.com

7. If final approval of the Settlement and entry of Final Judgment is not granted, this Order, including the preliminary certification of the Settlement Class, and other actions of this Court incident to the Settlement, shall be automatically vacated.

8. Pending a final determination by the Court of whether the Settlement should be approved as fair, reasonable, and adequate, neither Plaintiff, Additional Class Representatives nor any potential Class Member who has not opted out, whether directly, indirectly, representatively or in any other capacity, shall start, join, continue, litigate or participate in, support, or accept any benefit or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding against State Farm that is based on, relates to, or involves any of the claims, facts, circumstances, or subject matters of this Action or the Stipulation.  Accordingly, the Court hereby preliminarily enjoins the Plaintiff, Additional Class Representatives and any Class Member who has not opted out from the Settlement Class from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims.

9. JND Legal Administration (the "Administrator") is appointed to serve as third-party administrator for the Settlement and to perform such duties as may be ordered by this Court pursuant to the terms of the Stipulation.

10. The Parties have prepared the Class Notice, Claim Form, and Postcard Notice, which have been submitted to the Court as Exhibits 2-3 and 5, respectively, to the Stipulation. As set forth herein, the Court has reviewed and approves these forms. Counsel for the Parties, along with the Administrator, are authorized to complete any missing information and to make any non-substantive revisions to these documents, as necessary to fulfill the purposes of the Settlement.

11. Within forty-five (45) days after the entry of this Order, the Administrator shall send a copy of the Class Notice and a Claim Form by first-class U.S. mail to each potential Class Member identified by State Farm. Immediately prior to mailing of the Class Notice and Claim Form to potential Class Members, and only for purposes of that mailing, the Administrator shall run the addresses one time through the National Change of Address database in order to obtain any updated address for potential Class Members. The Administrator shall complete mailing of the Class Notice and Claim Form to potential Settlement Class members not less than seventy-five (75) days prior to the Final Approval Hearing.

12. If a Class Notice and Claim Form sent to any potential Class Member is returned as undeliverable, the Administrator will promptly log such return as undeliverable and provide copies of the log to Defendant and Class Counsel as requested. If the mailing is returned to the Administrator with a forwarding address, the Administrator will forward the mailing to that address. For other returned mailings, the Administrator will run the name and address one time through a single commercial database chosen by the Administrator, and should the commercial database show a more current address, the Administrator shall re-mail the returned Class Notice

and Claim Form to the more current address. If a more current mailing address cannot be found by searching the commercial database referenced in the preceding sentence, the Administrator shall send one message to the last known e-mail address as contained in Defendant's records (when available) for such potential Class Member and attempt to contact such potential Class Member to obtain a current address. If a more current address cannot be found through either of the two methods described above, then no further efforts to locate or to find a more current address for such potential Class Member are required.

13. No later than forty-five (45) days before the Claim Deadline, the Administrator shall mail a reminder in the form attached as Exhibit 5 (the "Postcard Notice") with information regarding the Claim Form Submission Deadline, the Settlement Website address, and how to request a copy of the Claim Form. The Postcard Notice will be mailed to each Class Member who has not submitted a Claim Form and who has not timely and properly excluded themselves from the Settlement Class.

14. In addition to the Class Notice and Claim Form mailed in accordance with the preceding paragraphs, the Administrator shall establish an automated toll-free telephone number and a Settlement Website that will contain information on the Stipulation, including copies of the Stipulation and Exhibits, the Preliminary Approval Order, the Class Notice, a downloadable copy of the Claim Form, and Spanish translations of the Class Notice and Claim Form. A signed, completed, and scanned Claim Form may also be uploaded and submitted on the Settlement Website.

15. The Court finds that the procedures set forth in the preceding paragraphs are reasonable and constitute the best notice practicable under the circumstances and an appropriate and sufficient effort to locate current addresses of potential Class Members such that no additional

efforts shall be required.  Upon reasonable request, the Administrator shall advise Class Counsel and Defendant's Counsel of the progress of the Class Notice program to monitor compliance with this Order.

16. The Court preliminarily finds that the dissemination of the Class Notice, Claim Form, and Postcard Notice under the terms and in the format provided for in this Order, together with the establishment of an automated toll-free telephone number and Settlement Website, as set forth above, (a) constitutes the best practicable notice under the circumstances; (b) is reasonably calculated to apprise all potential Class Members who can be identified through reasonable effort of: the pendency of the Action, the Stipulation and Settlement, and their rights in connection therewith, and the Final Approval Hearing; and (c) meets the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.

17. The Court finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that Defendant has fully complied with the notice requirements under that Act.

18. The costs of providing notice and effectuating all other settlement administration shall be borne by State Farm, as provided in the Stipulation.

19. The Court hereby **SETS** this matter for a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement on **September 23, 2022 at 9:30 a.m. (CST)**, in Courtroom 3B at the United States Courthouse, 155 St. Joseph Street, Mobile, Alabama 36602.  However, at the sole discretion of the Court, the Final Approval Hearing may occur via telephone or video in order to allow the Final Approval Hearing to proceed despite any limitations on in-court hearings related to the COVID-19 pandemic.  In such event, any Class Member who

files a notice of intent to appear shall be provided with information required to access the telephone or video hearing. The date of the Final Approval Hearing shall be set forth in the Class Notice. Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by the Court without further notice to the members of the Class. Any rescheduled date for the Final Approval Hearing will be posted on the Settlement Website.

20. During the Final Approval Hearing, the Court will consider and determine, inter alia:

   a. Whether the Stipulation for Settlement of this Action should be approved as fair, reasonable, and adequate;

   b. Whether this Action should be certified as a class action for settlement purposes only and whether the requirements for certification of a settlement class have been met;

   c. Whether this Action should be dismissed with prejudice pursuant to the terms of the Stipulation;

   d. Whether members of the Settlement Class should be bound by the Release set forth in the Stipulation;

   e. Whether members of the Settlement Class, whether acting individually or together, should be permanently enjoined from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims;

   f. Whether and in what amount Class Counsel's application for an award of attorneys' fees and expenses should be approved;

   g. Whether and in what amount the request of Plaintiff and Additional Class Representatives for service awards should be approved or, if applicable, whether the ruling upon such request should be deferred; and

   h. Objections, if any, made to the Settlement or any of its terms.

21. Class Members who wish to exclude themselves from the Settlement Class must mail a written opt-out request, pursuant to the instructions posed on the Settlement Website and in

the Class Notice, to the Administrator postmarked no later than thirty (30) days prior to the Final Approval Hearing.

22. All Class Members who do not request exclusion in the manner set forth in the Stipulation shall be members of the Settlement Class and bound by all proceedings, orders, and judgments in the Action, which will have preclusive effect in all pending or future lawsuits or other proceedings.

23. Class Members who do not request exclusion from the Settlement Class may object to the Settlement by filing with the Court, and mailing to the Administrator, a written notice of intent to object as provided in the Stipulation no later than thirty (30) days before the Final Approval Hearing. The right to object to the Settlement must be exercised individually by a Class Member, not as a member or representative of a group or subclass, except in the case of a legally authorized representative on behalf of a deceased, minor, or incapacitated Class Member. To be considered, the written notice of intent to object to the Settlement should contain:

    a. A heading which includes the name of the case and case number;

    b. The name, address, telephone number, and signature of the Class Member (the "Objector") filing the objection;

    c. The specific reasons why the Class Member objects to the Settlement;

    d. The name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney; and

    e. Indication of whether the objecting Class Member intends to appear at the Final Approval Hearing, either in person or through counsel.

24. In addition, a notice of intent to object should contain the following additional information if the Objector or his/her attorney requests permission to speak at the Final Approval Hearing:

    a. A detailed statement of the specific legal and factual basis for each and every objection;

   b. A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony;

   c. A detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing; and

   d. Documentary proof of membership in the Class.

25. An Objector who does not include the above information in his/her notice of intent to object will likely be limited in speaking and presenting evidence or testimony at the Final Approval Hearing and may be prevented from doing so entirely.

26. Any Class Member who does not file and mail a timely and complete written notice of intent to object in accordance with the Stipulation, waives the right to object and to be heard at the Final Approval Hearing and is barred from objecting to the Settlement. However, the Court retains discretion to hear objections absent full, technical compliance with this Order upon a showing of good cause for failure to comply.

27. The Administrator shall provide State Farm's Counsel and Class Counsel with copies of any and all objections and opt-out requests received by the Administrator.

28. At or before the Final Approval Hearing, Class Counsel shall file with the Court proof from the Administrator of the mailing of the Class Notice, the Claim Form, and the Postcard Notice, confirming the timely mailing of notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, and identifying the number and names of Class Members who have timely excluded themselves from the Class (opted out) or objected to the Settlement.

29. Class Members will be provided an opportunity to submit Claim Forms in the form attached to the Stipulation as Exhibit 3, requesting Claim Settlement Payments in accordance with the terms of the Stipulation.

30. Any Class Member who has not submitted a timely, complete opt-out request and who has returned a timely, complete Claim Form may be eligible to receive a Settlement Check according to the terms of the Stipulation, if the Effective Date occurs.

31. Not less than seven (7) days prior to the Final Approval Hearing, Class Counsel shall file with the Court a motion seeking the Court's final approval of the Settlement and Stipulation and entry of Final Judgment in the form and content attached to the Stipulation as Exhibit 4.  State Farm, in its sole discretion, may also file a brief in support of final approval of the Stipulation and Settlement.  Class Counsel shall file any motion concerning requests for attorneys' fees, costs, expenses and service awards at or before the motion seeking final approval of the Settlement and Stipulation and entry of Final Judgment.

32. This Order, the Stipulation, the negotiations of the Stipulation, the Settlement procedures, any act, statement, or document related in any way to the negotiation of the Stipulation or Settlement procedures, and any pleadings, documents, or actions related in any way to the Stipulation shall not be construed as an admission or concession by State Farm (a) of the truth of any of the allegations in the Lawsuit; (b) of any liability, fault, or wrongdoing of any kind on the part of State Farm in this Action; or (c) that this Action may be properly maintained as a litigation class action.  Likewise, none of the materials referenced in this paragraph shall be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as proof that State Farm has admitted or conceded points (a), (b), or (c) above. Class Counsel and Defendant dispute whether this Agreement may be offered into evidence in a foreign court in support of a potential motion for certification of a different class action in another lawsuit, with State Farm contending that this Agreement cannot and should not be used for such purposes.

33. The Settlement is preliminarily approved as fair, reasonable, adequate, and in the best interest of the Class Members. The Parties and the Administrator are directed to implement the terms of the Settlement in accordance with the Stipulation.

34. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Class.

35. Except for proceedings in furtherance of the administration and finalization of the Settlement, this Action is stayed pending further order from the Court.

**DONE** and **ORDERED** this the 25th day of April, 2022.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE