# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ANNIE ARNOLD, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIV. ACT. NO. 2:17-cv-148-TFM-C ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiffs' Unopposed Motion for Final Approval of Class Settlement* (Doc. 202, filed 9/16/22) accompanied by the brief in support (Doc. 203) and evidentiary support (Docs. 200, 204). Also before the Court is Class Counsel's Motion for Attorneys' Fees, Litigation Costs, and Request for Service Awards pursuant to Federal Rule of Civil Procedure 23(e)(2). *See* Doc. 201. Plaintiff Annie Arnold ("Named Plaintiff"), additional class representatives Bobby Abney, Tina Daniel, and Kenneth Scruggs ("Additional Class Representatives"), individually and on behalf of themselves and the Class as defined herein, and Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant"), have agreed, subject to Court approval, to settle this litigation pursuant to the terms and conditions stated in the Stipulation of Settlement (the "Stipulation" or the "Settlement") filed with the Court on February 9, 2022. *See* Doc. 196.

On April 25, 2022, the Court granted preliminary approval of the Agreement pursuant to Rule 23(e)(1)(B). *See* Doc. 199. Class Notice was issued in accordance with the preliminary approval order, and on September 23, 2022, the Court held a final approval hearing on the motions.

The Court has considered the Eleventh Circuit's seven factors for evaluation of a class action settlement and all the Rule 23(e)(2) factors applicable to the potential approval of the

Settlement. The Court independently evaluated the Court record, the Settlement, Class Counsel's Motions, and the responses and lack of responses to the class notice by the class members. The Court finds and holds as follows:

## I.     FINDINGS OF FACT

1. Named Plaintiff initiated this action on March 8, 2017, asserting a single claim for breach of contract on behalf of herself and a putative class of State Farm policyholders who made structural damage insurance claims for damage to Alabama properties. State Farm timely removed the action to this Court on April 7, 2017. *See* Doc. 1. Named Plaintiff claims that State Farm improperly applied depreciation to the estimated cost of labor and other non-material costs necessary to complete repairs to insured property when it calculated and issued actual cash value ("ACV") claim payments to her and other class members for structural damage losses incurred under their property insurance policies. State Farm has denied, and still denies, any liability, wrongdoing, and damages with respect to the matters alleged in the Complaint.

2. After litigation between the Parties and arms-length negotiations between Class Counsel and State Farm's counsel, the Parties reached a settlement that provides substantial benefits to the Settlement Class, in return for a release and dismissal with prejudice of all claims against State Farm. The Settlement was reached after the Parties had engaged in extensive and lengthy negotiations and four mediation sessions before a neutral third-party mediator, George M. Van Tassel, Jr., of Upchurch Watson White & Max. During the negotiations, and in accordance with the highest ethical standards for class action settlement negotiations, settlement relief to the class members was agreed to prior to negotiations concerning any potential award of attorneys' fees, litigation expenses, or service awards. At the time of settlement negotiations, and after years of litigation, Class Counsel was therefore well positioned to evaluate the benefits of the Settlement,

taking into account the expense, risk, and uncertainty of trial and protracted appeal thereafter with respect to numerous difficult questions of law and fact.

3. Named Plaintiff, the Additional Class Representatives, and State Farm executed the Stipulation of Settlement and exhibits thereto on January 20, 2022 (collectively, the "Stipulation"). *See* Doc. 196-1.

4. The Stipulation is hereby incorporated by reference in this Memorandum Opinion and Order, and the definitions and terms set forth in the Stipulation are hereby adopted and incorporated into and will have the same meanings in this Memorandum Opinion and Order.

5. On April 25, 2022, the Court entered its Order Preliminary Approving Class Settlement ("Preliminary Approval Order"), preliminarily approving the Stipulation, preliminarily certifying the settlement Class for settlement purposes, and scheduling a hearing for September 23, 2022, at 9:30 a.m. to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order and the Stipulation ("Final Approval Hearing"). *See* Doc. 199.

6. This Court previously certified a litigation class of policyholders (Doc. 178). As part of its Preliminary Approval Order, the Court conditionally certified the same defined class for settlement purposes ("Settlement Class"), again defined as follows:

> [A]ll persons and entities insured under a State Farm structural damage policy who made: (1) a structural damage claim for property located in the State of Alabama with a date of loss on or after March 8, 2011, but before August 3, 2017; and (2) which resulted in an actual cash value payment during the class period from which "non-material depreciation" was withheld from the policyholder; or which would have resulted in an actual cash value payment but for the withholding of "non-material depreciation" causing the loss to drop below the applicable deductible.
>
> Excluded from the Class are: (1) all claims arising under policies with State Farm coverage form WH-2101 or endorsement form FE-3650, or any other policy form expressly permitting the "depreciation" of "labor" within the text of the policy form; (2) all persons and entities that received actual cash value payments from State Farm that exhausted the applicable limits of insurance as shown on the

declarations page; (3) State Farm and its affiliates, officers, and directors; (4) members of the judiciary and their staff to whom this Action is assigned; and (5) Class Counsel.

7.      On September 16, 2022, Named Plaintiff and Additional Class Representatives moved the Court for Final Approval of the terms of the Proposed Settlement and for the entry of a final order and judgment. In support, Named Plaintiff and Additional Class Representatives submitted, inter alia, evidence showing: the dissemination and adequacy of the Class Notice and Claim Form; the dissemination of the reminder Postcard Notice; the establishment of an automated toll-free telephone number and Settlement Website; the names of potential Class Members who, per the terms of the Stipulation, submitted a timely and proper request for exclusion from the Settlement Class; the arms-length nature of the negotiation of the Stipulation; and the fairness, reasonableness, and adequacy of the Stipulation. In support of the Motion for Final Approval, Named Plaintiff and Additional Class Representatives submitted a Brief in Support, setting forth extensive argument and authority along with various exhibits attached thereto.

8.      In addition, on August 10, 2022, Class Counsel submitted their Unopposed Motion for Attorneys' Fees and Litigation Costs and Request for Service Awards (Doc. 201), which included evidence as to the fairness and reasonableness of those requests, as well as extensive argument and authority. Class Counsel noted their opinion that the state of the law on service awards was unsettled and cited *Johnson v. NPAS Sols. LLC*, 975 F.3d 1244 (11th Cir. 2020), *reh'g en banc denied* 43 F.4th 1138 (11th Cir. Aug. 3, 2022). The Settlement Agreement contemplates service awards to the Named Plaintiff and Additional Class Representatives, but is separate from the relief made to available to the Class. *Johnson* does make it clear that the Eleventh Circuit found that "incentive" or "service" awards which compensate class representatives solely for their time and efforts in commencing and prosecuting a class action lawsuit are not permitted.

9. On September 16, 2022, State Farm filed its Memorandum of Law in Support of Final Approval of Class Action Settlement. *See* Doc. 205. State Farm set forth in its Memorandum extensive argument and authority supporting final approval of the proposed Settlement, including its view that the Settlement is especially fair, reasonable, and adequate given State Farm's assessment of the strength of State Farm's defenses as to both liability and damages.

10. Named Plaintiff offered at the Final Approval Hearing the following evidence in support of the Motion for Final Approval and Class Counsel's Motion for Attorneys' Fees and Litigation Costs and Request for Service Awards:

| **Exhibit No.** | **Description** |
|---|---|
| A | Declaration of Erik D. Peterson |
| B | Declaration of J. Brandon McWherter |
| C | Declaration of T. Joseph Snodgrass |
| D | Declaration of David P. Martin |

The Court admits Exhibits **A-D** into evidence for all purposes. The Court also admits the Declaration of Kimberly K. Ness Regarding Settlement Administration (Doc. 204). Kimberly K. Ness is the Director of JND Legal Administration LLC which served as the Administrator in this litigation.

11. The Parties and the Settlement Administrator (JND Legal Administration) have satisfactorily demonstrated that the Class Notice and Claim Form was mailed, that the Postcard Notice was mailed, and that an automated toll-free telephone number and Settlement Website were established in accordance with the Stipulation and Preliminary Approval Order.

12. The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1715 et seq. have been sent and that

State Farm has fully complied with the notice requirements under CAFA.

13. The Settlement provides substantial monetary benefits to Class Members who timely submit completed Claim Forms. In addition, State Farm has agreed to fund the costs of notice and settlement administration. The claims procedure established under the Stipulation is fair, and provides Class Members with an extended and ample opportunity to submit claims for settlement payments as described in the Stipulation.

14. All potential Class Members were provided an opportunity to request exclusion from the Settlement and Action, as provided in the Stipulation. The Court finds that the individual interests of those Class Members who timely sought exclusion from the Settlement Class are preserved and that no Class Member was precluded from being excluded from the Class if he or she so desired. Those Class Members who timely and properly excluded themselves from the Class are identified in the attached **Exhibit 1**.

15. Class Members who did not timely file and serve an objection in writing to the Stipulation, to the entry of this Final Judgment, or to Class Counsel's Motion for Attorneys' Fees and Litigation Costs and Request for Service Awards, in accordance with the procedure set forth in the Stipulation and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

16. At the Final Approval Hearing, the Court considered, among other matters described herein, (a) whether certification of the Settlement Class for settlement purposes was appropriate under Rule 23 of the Federal Rules of Civil Procedure; (b) the fairness, reasonableness, and the adequacy of the Stipulation; and (c) the fairness and reasonableness of Class Counsel's Motion for Attorneys' Fees and Litigation Costs and Request for Service Awards under applicable law. The Court independently evaluated not only the pleadings, evidence, and arguments of Class

Counsel and State Farm's counsel, but also rigorously and independently evaluated the Stipulation and Class Counsel's Motion for Attorneys' Fees and Litigation Costs and Request for Service Awards and as such, the Court considered arguments that could reasonably be made against approval of the Stipulation and Class Counsel's Motion for Attorneys' Fees and Litigation Costs and Request for Service Awards, even though such arguments were not actually presented to the Court by objection, pleading or oral argument.

17. On the basis of the matters presented in this Lawsuit and the provisions of the Stipulation, the Court is of the opinion that the Proposed Settlement is a fair, reasonable, and adequate compromise of the claims against State Farm, pursuant to Rule 23 of the Federal Rules of Civil Procedure. In considering a number of factors, the Court finds that:

   a. The liability issues in this Action and the suitability of this Action for continued certification of a litigation class have been vigorously contested, particularly with respect to litigation manageability requirements;

   b. This Proposed Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties and the outcome of any class trial or appeal remain uncertain;

   c. The Proposed Settlement is clearly a byproduct of adversary litigation between the Parties and arms-length negotiation, which negotiation was facilitated by neutral mediator George M. Van Tassel, Jr., of Upchurch Watson White & Max, and was not a result of any collusion on the part of Class Counsel or State Farm; and

   d. Class Counsel's request for an award of reasonable fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Stipulation.

Therefore, on the basis of the foregoing findings of fact and the oral findings of fact articulated at the Final Approval Hearing referenced herein, the Court hereby makes the following conclusions of law:

## II.     CONCLUSIONS OF LAW

18.     The Court has personal jurisdiction over the Named Plaintiff, Additional Class Representatives, State Farm, and Class Members; venue is proper because the underlying claims arose in this district and the State of Alabama; and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Stipulation, to grant final certification of the Settlement Class, to settle and release all claims arising out of the Action, and to enter this Final Order and Judgment and dismiss this Action on the merits and with prejudice, pursuant to 28 U.S.C. § 1332(d)(2).

19.     The Court concludes that the Settlement Class meets all the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, and all other applicable rules and law, and the Settlement Class this Court previously preliminarily certified in its Preliminary Approval Order is hereby finally certified as a settlement class action. This Court previously found that all of the requirements of Rule 23(a) (including numerosity, typicality, commonality, and adequacy) and Rule 23(b)(3) (including predominance and superiority) were satisfied for a litigation class with the same class definition as the Settlement Class.  Doc. 178.  This Court now specifically finds that the Settlement Class also satisfies the foregoing requirements.

20.     The Court further finds that the Named Plaintiff, Additional Class Representatives, and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement, as required by Rule 23(a)(4), and Class Counsel meets the standard for appointment set forth in Rule 23(g)(1) and (4).

21.     Based on the Court's review of the evidence submitted and arguments of counsel, the Court finds and concludes that the Class Notice and Claim Form was mailed to potential Class

Members in accordance with the provisions of the Preliminary Approval Order, and together with the Postcard Notice, the automated toll-free telephone number, and the Settlement Website: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Action, this Stipulation, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) met all requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.

22. The Final Approval Hearing and evidence before the Court clearly support a finding that the Stipulation was entered into in good faith, after arms-length negotiations between Named Plaintiff, Additional Class Representatives, and Class Counsel, on the one hand, and State Farm, on the other hand, and the Court does hereby formally make that finding at this time.

23. The Court finds that approval of the Stipulation and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Stipulation is fair, reasonable, adequate to, and in the best interests of, members of the Settlement Class, based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

24. A review of the following factors supports a finding that the Settlement is fair, reasonable, and adequate:

    a. The likelihood of success at trial;

    b. The range of possible recovery;

    c. The range of possible recovery at which a settlement is fair, adequate, and reasonable;

    d. The anticipated complexity, expense, and duration of litigation;

    e. The opposition to the settlement; and

    f. The stage of the proceedings at which the settlement was achieved.

*Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011).

  25. Although the notice campaign was highly successful and resulted in notice being mailed to approximately 54,377 potential Class Members, only ten persons requested exclusion from the Settlement Class (through seven separate exclusion requests), and **no** Class Members filed objections to the Stipulation.  The relative lack of exclusion requests and opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

  26. The Court, in evaluating the fairness, reasonableness, and adequacy of the Settlement, considered all objections that could have been raised by any Class Member.  After considering all possible objections, the Court finds that the Stipulation and Proposed Settlement are fair, reasonable, and adequate under federal law and the *Faught* factors.

  27. The claim process as set forth in the Stipulation is fair, reasonable, and adequate to Class Members.  Any Class Member who did not request exclusion from the Class in accordance with the Stipulation is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

  28. Only after the negotiated settlement did the Parties negotiate potential attorneys' fees, costs, and service awards.  State Farm's payments to Class Members will not be reduced by the separate amounts paid for attorneys' fees and litigation costs.  Instead, the attorneys' fees, costs, and expenses will be paid "over and above" the amounts paid to class members.  *See, e.g., Carroll v. Macy's, Inc.*, Civ. Act. No. 2:18-CV-01060-RDP, 2020 WL 3037067, at *9, 2020 U.S.

Dist. LEXIS 99033, at *22–23, (N.D. Ala. June 5, 2020) (approving fees "paid on top of (that is, above and beyond) the fund set up for the Settlement Class").

29. "In considering a fee award in the class action context, the district court has a significant supervisory role." *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1293 (11th Cir. 1999). Courts are given "great latitude in formulating attorney's fees awards subject only to the necessity of explaining its reasoning." *Id.* (internal quotation omitted). "The court's order on attorney's fees must allow for meaningful review – the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988).

30. Class Counsel's requests for no more than $8,595,000.00 in attorneys' fees, expenses, and costs, are fair and reasonable under the circumstances.

31. Specifically, in the case at hand, Class Counsel spent considerable time and labor prosecuting and ultimately settling the case over the course of more than five years. The complexity of the litigation supports the fee, as settlement was not reached until after Class Counsel conducted extensive case anaylsis, engaged in discovery and data anaylsis, and briefed dispositive, certification, and Daubert motions. Class Counsel has skill and experience in class action litigation and labor depreciation litigation, specifically against large insurance companies. Class Counsel was able to obtain an extraordinary settlement for Class Members, which provides, in part, that eligible Class Members may receive one hundred percent of their still-withheld labor depreciation. Class Counsel assumed a considerable risk to pursue this case on a pure contingency basis, and were precluded from other employment as a result. Finally, the reaction of the Class Members supports the award of the fee, as there have been no objections to Class Counsel's fee request. *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (describing

twelve factors to be used in determining the reasonableness of the requested fees);[1] *see also Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348 (11th Cir. 2008) (citing the *Johnson* factors).

32. As for class representative service awards, the Eleventh Circuit recently held that such awards are prohibited. *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020), *reh'g en banc denied*, 43 F.4th 1138 (11th Cir. 2022). However, given that the time for appeal of *Johnson* to the Supreme Court has not yet expired, the Court will carve out the issue of class representative awards and deny without prejudice. *See, e.g.*, *Phillips v. Hobby Lobby Stores*, Civ. Act. No. 2:16-cv-837 2021 U.S. Dist. LEXIS 157863, 2021 WL 3710134 (N.D. Ala. Aug. 20, 2021) (carving out the issue of class representative awards and retaining jurisdiction until the ultimate disposition of *Johnson*).

33. Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). When certifying a judgment under Rule 54(b), the district court must consider "judicial administrative interests—including the historic federal policy against piecemeal appeals—and the equities resolved" and "certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Peden v. Stephens*, --- F.4th ---, 2022 U.S. App. LEXIS 243339, 2022 WL 3714962 (11th Cir. Aug. 29, 2022) (internal citations omitted). The Court finds that such unusual circumstances exist in this case, namely the pending resolution

---

[1] The Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit that were decided prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

of the permissibility of class representative service awards, which warrant an entry of Partial Judgment. Partial Judgment will be entered separately from this order with more detailed analysis.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

34. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, final certification of the Settlement Class is confirmed for the purpose of the Settlement, in accordance with the Stipulation.

35. Timely requests for exclusion were submitted by ten potential members of the Settlement Class and those potential Class Members (identified in Exhibit 1 hereto) are excluded from the Settlement Class. All other potential members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Memorandum Opinion and Order and by the Stipulation, including the releases provided for in the Stipulation and this Memorandum Opinion and Order.

36. Plaintiff's Motion for Final Approval (Doc. 202) is hereby **GRANTED** as modified and all provisions and terms of the Stipulation are hereby finally approved in all respects, except as discussed in Paragraphs 32, 37, and 38. The Parties to the Stipulation are directed to consummate the terms of the Stipulation in accordance with its terms, as may be modified by subsequent orders of this Court.

37. Except as set forth expressly in the following paragraph, this Memorandum Opinion and Order along with a separate Partial Judgment under Fed. R. Civ. P. 54(b) shall be immediately entered as to all claims in the Action between the Named Plaintiff, Additional Class Representatives and Class Members, and State Farm, and Final Judgment is entered approving and adopting all terms and conditions of the Settlement and the Stipulation, fully and finally terminating all claims of the Named Plaintiff, Additional Class Representatives, and the Settlement

Class in this Action against State Farm in accordance with the terms and conditions of the Settlement, on the merits and with prejudice without leave to amend.

38.     The Class Counsel's request for service awards for Named Plaintiff and Additional Class Representatives is **DENIED without prejudice** and **leave to refile** if appropriate after the final outcome of *Johnson*, 975 F.3d 1244.  The "final outcome" as used in the preceding sentence means the date upon which all appellate courts with jurisdiction, including the United States Supreme Court by petition for certiorari, have ruled upon such appeal, or denied any such appeal or petition for certiorari, such that no future appeal is possible.  The Court will retain jurisdiction to address any such renewed request.    After the entry of this Memorandum Opinion and Partial Judgment, the case will remain on the administratively closed docket until such time.  In the meantime, the parties are **DIRECTED** to file a joint status report on the **first of every quarter (beginning January 1, 2023)** indicating the status of the appeal in *Johnson*.  Within fifteen (15) days of the final outcome of *Johnson,* the parties shall notify the Court of the renewed request for service awards and/or motion for entry of final judgment pursuant to Fed. R. Civ. P. 58 to bring this case to its final conclusion.

39.     Pursuant to Rule 23(a) and (g) of the Federal Rules of Civil Procedure, Named Plaintiff Annie Arnold is appointed as the Representative Plaintiff for this Settlement Class, and Additional Class Representatives Bobby Abney, Tina Danial, and Kenneth Scruggs are appointed as Additional Class Representatives, and the following counsel are appointed as counsel for the settlement Class ("Class Counsel"):

| | |
|---|---|
| Erik D. Peterson<br>MEHR, FAIRBANKS & PETERSON TRIAL LAWYERS, PLLC<br>201 West Short Street, Suite 800<br>Lexington, KY 40507<br>Telephone: 859-225-3731 | T. Joseph Snodgrass<br>SNODGRASS LAW LLC<br>100 South Fifth Street, Suite 800<br>Minneapolis, MN 55402<br>Tel: (651) 448-2600 |

| | |
|---|---|
| J. Brandon McWherter<br>MCWHERTER SCOTT BOBBITT<br>341 Cool Springs Blvd, Suite 230<br>Franklin, TN 37067<br>Tel: (615) 354-1144 | David Martin, Esq.<br>THE MARTIN LAW GROUP, LLC<br>2117 Jack Warner Parkway, Suite 1<br>Tuscaloosa, AL 35401<br>Telephone: (205) 343-1771 |

40.  Except as set forth in Paragraphs 32, 37, and 38 *supra*, upon the entry of this Memorandum Opinion and Partial Judgment, the Named Plaintiff, Additional Class Representatives, all Class Members who did not timely and properly exclude themselves from the Settlement Class, and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Memorandum Opinion and Order and shall be conclusively deemed to have fully released and discharged, acquitted and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined in the Stipulation, and shall be conclusively bound by this Memorandum Opinion and Order under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue any Released Person with respect to any Released Claims.  The Named Plaintiff, Additional Class Representatives and all Class Members who did not timely and properly exclude themselves from the Settlement Class shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are a material part of the Stipulation.  The Stipulation shall be the exclusive remedy for all Class Members with regards to Released Claims.

41.  Although the definitions in the Stipulation are incorporated in and are part of this Memorandum Opinion and Order, the following definitions from the Stipulation are repeated for ease of reference:

    a. "Released Claims" means and includes any and all past, present and future claims arising from or in any way related to depreciation of any kind on claims within the class period (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of depreciation), whether known or unknown, and that were asserted or could have been asserted herein to the full extent of res judicata protection. This release is not intended to prevent an individual Class Member from seeking and potentially recovering any RCBs that may still remain available under the terms of his or her Policy. Additionally, Released Claims do not include any claim for enforcement of this Stipulation of Settlement and/or the Final Judgment.

    b. "Released Persons" means, individually and collectively, (i) State Farm Fire and Casualty Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (ii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i). The Released Claims extend only to claims arising under insurance policies issued by the Defendant.

42. Except as set forth in Paragraphs 32, 37, and 38 *supra*, in order to protect the continuing jurisdiction of the Court and to protect and effectuate this Memorandum Opinion and Order, the Court permanently and forever bars and enjoins the Named Plaintiff, Additional Class Representatives, all Class Members, and anyone acting or purporting to act on their behalf, from instituting, maintaining, prosecuting, suing, asserting, or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims. Any person in knowing contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction, subject to this Court's discretion.

43. This Memorandum Opinion and Order, the Stipulation, the negotiations of the Stipulation, the Settlement procedures, any act, statement, or document related in any way to the negotiation of the Stipulation or Settlement procedures, and any pleadings, or other document or action related in any way to the Stipulation shall not be construed as an admission or concession by State Farm (a) of the truth of any of the allegations in the Lawsuit; (b) of any liability, fault, or

wrongdoing of any kind on the part of State Farm; or (c) that this Action may be properly maintained as a litigation class action.  Likewise, none of the materials referenced in this paragraph shall be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as proof that State Farm has admitted or conceded points (a), (b), or (c) contained within this paragraph.  Class Counsel and Defendant dispute whether this Agreement may be offered into evidence in a foreign court in support of a potential motion for certification of a different class action in another lawsuit, with State Farm contending that this Agreement cannot and should not be used for such purposes.

44. Confidential Information of State Farm shall be protected from disclosure and handled in accordance with the terms of the Stipulation, and Class Counsel and any other attorneys for Named Plaintiff and Additional Class Representatives in this Lawsuit shall destroy or return to State Farm's Counsel all Confidential Information in their possession, custody, or control as set forth in the Stipulation.

45. Class Counsel's Motion for Attorneys' Fees and Litigation Costs and Request for Service Awards (Doc. 201) is **GRANTED in part** and **DENIED in part**. It is granted as to the request for attorneys' fees and litigations costs.  It is denied without prejudice as to the Request for Service Awards.  Pursuant to Rule 23(h), the Court awards Class Counsel $8,595,000.00 in attorneys' fees, litigation expenses, and costs.  The Court hereby finds that these amounts are fair and reasonable and directs that State Farm shall pay such amounts pursuant to the terms of the Stipulation.  State Farm shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

46. Claim Settlement Payments to Class Members who timely file a completed Claim Form shall be made in the amounts, within the time period, subject to the terms and in the manner described in the Stipulation.

47. The Court appoints George M. Van Tassel, Jr., of Upchurch Watson White & Max as the Neutral Evaluator to carry out the duties and responsibilities set forth in the Stipulation. The Named Plaintiff, Additional Class Representatives, Class Counsel, State Farm, and State Farm's Counsel shall not be liable for any act or omission of the Neutral Evaluator.

48. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Stipulation.

49. With the exception of Class Counsel's request for service awards for Named Plaintiff and Additional Class Representatives, as to which this Court has denied without prejudice and will permit Class Counsel to renew the request as set forth herein, the Action is **DISMISSED with prejudice** in its entirety on the merits, without any other fees or costs to any party except as otherwise provided herein.

50. Without in any way affecting the finality of this Memorandum Opinion and the accompanying Partial Judgment, this Court shall retain exclusive continuing jurisdiction over this Action for purposes of:

   a. Enforcing the Stipulation and the Settlement;

   b. Ruling upon any renewed request for service awards for Named Plaintiff and Additional Class Representatives, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; and

   c. Any other matters related or ancillary to any of the foregoing.

**DONE** and **ORDERED** this 4th day of October, 2022.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE