IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNIE ARNOLD, individually, and on behalf of all others similarly situated, <br><br>  Plaintiff, <br><br> vs. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIV. ACT. NO. 2:17-cv-148-TFM-C |

## PARTIAL JUDGMENT

In accordance with the Memorandum Opinion and Order entered on this same date, the Court finds and holds as follows:

1. In the Memorandum Opinion and Order entered on this same date the Court granted the Plaintiff's Motion for Final Approval (Doc. 202) and granted in part and denied in part Class Counsel's Motion for Attorneys' Fees and Litigation Costs and Request for Service Awards (Doc. 201).

2. In light of *Johnson v. NPAS Sols.*, LLC, 975 F.3d 1244 (11th Cir. 2020), *reh'g en banc denied*, 43 F.4th 1138 (11th Cir. 2022), the Court denied Class Counsel's request for service awards for class representatives without prejudice and with leave to refile after the final outcome of *Johnson*. The "final outcome" means the date upon which all appellate courts with jurisdiction, including the United States Supreme Court by petition for certiorari, have ruled upon such appeal, or denied any such appeal or petition for certiorari, such that no future appeal is possible. The Court retains jurisdiction to address any such renewed request.

3. Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "A district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under rule 54(b). *Peden v. Stephens*, --- F.4th ---, 2022 U.S. App. LEXIS 243339, 2022 WL 3714962 (11th Cir. Aug. 29, 2022) (citing *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007)). First, the court must determine that there is a final judgment. *Id.* Second, "the district court must then determine that there is no just reason for delay in certifying it[s] [decision] as final and immediately appealable." *Id.* (quoting *Lloyd Noland Found.*, 483 F.3d at 777). When determining whether there is no just reason for delay, the district court must consider "judicial administrative interests—including the historic federal policy against piecemeal appeals—and the equities resolved" and "certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Id.* (internal citations omitted).

4. Here, a delay in final judgment will further delay eligible Class Members receipt of payment under the Settlement. Class Members have already waited over five years throughout the course of litigation to obtain payment for their claims.

5. Additionally, the only remaining issue—service awards for class representatives—will likely delay final judgment significantly if *Johnson* is appealed to the Supreme Court.

6. There is little risk of overcrowding the appellate docket in this case because the parties are bound by the Settlement to release their claims. Further, the Settlement provides that

State Farm will pay Named Plaintiff and Additional Class Representatives agreed upon amounts for class representative service awards, if the outcome of *Johnson* so permits, further mitigating the risk of further litigation regarding those payments.

7. Further, the extremely low risk of overcrowding the appellate docket is substantially outbalanced by the harm that would be done to Class Members by requiring them to wait for the final outcome of *Johnson* before granting final approval of the Settlement and enabling them to receive payment on their claims.

8. Accordingly, pursuant to Fed. R. Civ. P. 54(b), the Court expressly determines that there is no just reason for delay of entry of final judgment regarding the claims adjudicated in the Court's Memorandum Order and Opinion entered on this same date.

9. This is a **FINAL ORDER**. With the exception of Class Counsel's request for service awards for class representative, as to which this Court has denied without prejudice and will permit Class Counsel to renew the request as set forth in the Memorandum Opinion and Order entered on this same date, this action is hereby **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** this the 4th day of October, 2022.

                                               s/Terry F. Moorer
                                               TERRY F. MOORER
                                               UNITED STATES DISTRICT JUDGE