IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNIE ARNOLD, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CIV. ACT. NO. 2:17-cv-148-TFM-C |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is *Plaintiffs' Unopposed Renewed Motion for Service for Service Awards to the Class Representatives* (Doc. 212, filed 5/2/23) accompanied by the brief in support (Doc. 213, filed 5/2/23). Defendant also files its separate statement (Doc. 214, filed 5/2/23) in which it takes no position as to the motion.

On October 4, 2022, the Court approved the class action settlement and granted the motion for attorneys' fees and litigation costs, but denied without prejudice the request for service awards. *See* Doc. 206. The Court held in abeyance its determination on the request for service awards for the Named Plaintiff and Additional Class Representatives based upon some developing law within the Eleventh Circuit. *Id*. at 4, 12, 14

The Court notes some contradictory legal authority based on the recent holdings in *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020). Specifically, *Johnson* held that awards that compensate a class representative for his time are prohibited. *See Johnson*, 975 F.3d at 1260. However, *Johnson* was in the context of federal claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227. *Id*. at 1249. Following *Johnson*, a number of district courts in

the Eleventh Circuit have found class representative service awards are still permitted under certain circumstances. The Court agrees with its several sister courts in this Circuit that *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020), is inapplicable in diversity jurisdiction cases where the underlying claims arise under state law. *See Venerus v. Avis Budget Car Rental, LLC*, Civ. Act. No. 6:13-cv-921-CEM-RMN, 2023 U.S. Dist. LEXIS 89905 (M.D. Fla. May 23, 2023), *report and recommendation adopted*, 2023 WL 4673481, 2023 U.S. Dist. LEXIS 91907 (M.D. Fla. May 25, 2023) (finding that *Johnson* is inapplicable because under the *Erie* doctrine, substantive state law applied to the diversity action and state law permitted class representative service awards); *Junior v. Infinity Ins. Co.*, Civ. Act. No. 6:18-cv-1598-WWB-EJK, 2022 U.S. Dist. LEXIS 154082 (M.D. Fla. Aug. 26, 2022) (same); *Roth v. GEICO Gen. Ins. Co.*, Civ. Act. No. 16-62942, 2020 WL 10818393, 2020 U.S. Dist. LEXIS 188204 (S.D. Fla. Oct. 8, 2020) (same); *South v. Progressive Select Ins. Co.*, Civ. Act. No. 19-21760, 2023 U.S. Dist. LEXIS 58227 (S.D. Fla. Mar. 31, 2023) (same). Here, the Court is sitting in diversity jurisdiction and the Plaintiffs' claims arise under Alabama law. Thus, under the *Erie* doctrine, state law determines whether service awards for class representatives are permitted. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817. 82 L. Ed. 1188 (1938) (holding that federal courts sitting in diversity must apply substantive state law and federal procedural law); *see also Chieftain Royalty Co. v. Enervest Energy Inst. Fund XIII-A, L.P.*, 888 F.3d 455, 468 (10th Cir. 2017) (noting that when analyzing a service award in a diversity action, "*Erie* requires us to apply Oklahoma law."). Alabama law permits service awards for class representatives in class actions. *See, e.g.*, *Perdue v. Green*, 127 So.3d 343, 402-03, 406 (Ala. 2012) (affirming order approving class action settlement which included a service award to each class representative and noting that "[s]uch awards are

commonplace in class action cases."). Thus, because the underlying claims in this action arise out of state law, the Court finds that class representative service awards are permitted here.

Having determined that class representative service awards are permissible, the Court now turns to the specific amounts requested and the appropriateness of the request as a whole. Class Counsel requests service awards in the amount of $20,000 Annie Arnold (Named Plaintiff and Class Representative) and the $15,000 to each of the Additional Class Representatives Bobby Abney, Tina Daniel, and Kenneth Scruggs.

Service payments "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Allapattah Servs. v. Exxon Corp.*, 454 F. Supp. 2d 1185 (citation omitted).

As noted in its prior order approving the settlement, only after the negotiated settlement did the Parties negotiate potential attorneys' fees, costs, and service awards. State Farm's payments to Class Members will not be reduced by the separate amounts paid for class service awards. Instead, the attorneys' fees, costs, and expenses will be paid "over and above" the amounts paid to class members. *See, e.g.*, *Carroll v. Macy's, Inc.*, Civ. Act. No. 2:18-CV-01060-RDP, 2020 WL 3037067, at *9, 2020 U.S. Dist. LEXIS 99033, at *22–23 (N.D. Ala. June 5, 2020) (approving fees "paid on top of (that is, above and beyond) the fund set up for the Settlement Class"). Therefore, the service awards to not reduce the recovery by any class member.

The representative service awards to be paid by State Farm, likewise are fair and reasonable under the circumstances. The Court finds that this case went through several years of litigation prior to the approval of the settlement to include heavily contested motions, an extensive discovery process, and a contested class action certification. The amounts sought are reasonable under the circumstances presented in this case.

Accordingly, the *Plaintiffs' Unopposed Renewed Motion for Service for Service Awards to the Class Representatives* (Doc. 212) is hereby **GRANTED**.  Therefore the Court awards Annie Arnold (Named Plaintiff and Class Representative) $20,000 and awards Bobby Abney (Additional Class Representative), Tina Daniel (Additional Class Representative), and Kenneth Scruggs (Additional Class Representative) $15,000 each.  The Court directs that State Farm shall pay such amounts pursuant to the terms of the Agreement.

The Court previously entered a Partial Judgment pursuant to Fed. R. Civ. P. 54(b) as to the remaining matters presented in this case.  The resolution of the class representative awards resolves the final outstanding matter in this case.  Therefore, the Court will separately enter final judgment in this matter pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 6th day of November, 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE